In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00004-CR
______________________________


 
IN RE: SHELLY KASANDRA SHAW


                                              

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0518176


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Shelly Kasandra Shaw has been charged by indictment with the offense of improper
relationship between educator and student. See Tex. Pen. Code Ann. § 21.12 (Vernon
Supp. 2006).


 The indictment alleges Shaw engaged in prohibited sexual contact with a
student of the secondary school where Shaw was employed. Shaw filed a pretrial motion
for a writ of habeas corpus in the trial court, alleging Section 21.12 is unconstitutional on
its face.


 The trial court denied relief, finding the statute is not unconstitutional. Shaw now
appeals that ruling, contending the statute is facially void under the United States
Constitution because it violates: 1) the First Amendment rights of privacy and freedom of
association by being overly broad; 2) the Due Process Clauses of the Fifth and Fourteenth
Amendments by being void for vagueness; 3) the Equal Protection Clause of the
Fourteenth Amendment by creating a class treated differently from any other class; and
4) the Fifth Amendment prohibition against double jeopardy by authorizing the State to
prosecute twice for the same offense. Shaw also claims the statute is in violation of
corresponding provisions of the Texas Constitution, but makes no discernible argument for
a separate application of state constitutional principles. We overrule Shaw's challenge and
affirm the trial court's ruling. 
Habeas Corpus
          Habeas corpus is an extraordinary remedy that should not be used as a substitute
for an appeal. Ex parte Culver, 932 S.W.2d 207, 210 (Tex. App.—El Paso 1996, pet.
ref'd). Thus, an application for pretrial writ of habeas corpus should not be entertained
where there is an adequate remedy by appeal after final judgment. Id. A defendant may
raise by pretrial habeas corpus claims concerning double jeopardy, collateral estoppel, and
bail, because those protections would be undermined if review were not permitted until
after conviction. Jaime v. State, 81 S.W.3d 920, 924 (Tex. App.—El Paso 2002, pet. ref'd). 
The writ of habeas corpus is not available where judicial determination of the question
presented, even if resolved in favor of the defendant, would not result in immediate
release. Ex parte Weise, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).
Standard of Review
          We review a trial court's grant or denial of relief under an application for writ of
habeas corpus for an abuse of discretion. Jaime, 81 S.W.3d at 924 (citing Ex parte Pipkin,
935 S.W.2d 213, 215 (Tex. App.—Amarillo 1996, pet. ref'd); Ex parte Ayers, 921 S.W.2d
438, 441 (Tex. App.—Houston [1st Dist.] 1996, no pet.)). Whether discretion was so
abused depends on whether the trial court acted without reference to any guiding rules or
principles. Brashear v. State, 985 S.W.2d 474, 476 (Tex. App.—Houston [1st Dist.] 1998,
pet. ref'd). The reviewing court accords great deference to the trial court's findings and
conclusions, and views the evidence in a light most favorable to the ruling. Pipkin, 935
S.W.2d at 215. 
          A facial challenge to the constitutionality of a statute is difficult to mount successfully
because the challenger must establish that no set of circumstances exists under which the
statute is valid. Santikos v. State, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). To prevail
on such a claim, the challenger must show that, in its operation, the statute is
unconstitutional as applied in the situation. The fact the statute may be unconstitutional
as applied to others is not sufficient. Id. 
Overbreadth and First Amendment Rights of Privacy and Association 
          The First Amendment to the United States Constitution is the source of certain
fundamental freedoms, including freedom of speech and freedom to assemble. U.S.
Const. amend. I. What we commonly know as an individual's right to privacy and right of
association find their wellspring in the so-called penumbras of the First Amendment.
Griswold v. Connecticut, 381 U.S. 479, 483–84 (1965). We will assume, without deciding,
that Shaw's claim that the rights of privacy and association emanating from the First
Amendment's penumbra includes a constitutional right of adults to consensual sex. Such
a right would logically qualify as part of an individual's rights to privacy and association,
"protected from governmental intrusion." Id. at 483.
          Shaw contends Section 21.12 is overly broad, and therefore a violation of the First
Amendment, because it applies to "all 'employees' of school districts . . . [and] all students
(persons enrolled), regardless of age." Therefore, Shaw argues, "[t]his statute . . . infringes
upon Appellant's liberty interest to engage in private sexual conduct between consenting
adults and makes criminal what other adults can do freely and without restraint."
          An overbreadth attack on a statute is recognized only in the context of a First
Amendment challenge. United States v. Salerno, 481 U.S. 739 (1987). However, a statute
will not be invalidated for overbreadth merely because it is possible to imagine some
unconstitutional applications. See Members of City Council v. Taxpayers for Vincent, 466
U.S. 789, 800 (1984). Further, as stated by the United States Supreme Court: 
Because of the wide-reaching effects of striking down a statute on its face
at the request of one whose own conduct may be punished despite the First
Amendment, we have recognized that the overbreadth doctrine is "strong
medicine" and have employed it with hesitation, and then "only as a last
resort." 

New York v. Ferber, 458 U.S. 747, 769 (1982) (citing Broadrick v. Oklahoma, 413 U.S. 

601, 613 (1973)). 

          The overbreadth doctrine permits the facial invalidation of laws that inhibit the
exercise of First Amendment rights if the impermissible applications of the law are
substantial when "judged in relation to the statute's plainly legitimate sweep." Broadrick,
413 U.S. at 615. The Supreme Court has therefore developed a requirement that the
overbreadth must be "substantial" before the statute will be held unconstitutional on its
face. See Taxpayers for Vincent, 466 U.S. at 800. In other words, "there must be a
realistic danger that the statute itself will significantly compromise recognized First
Amendment protections of parties not before the Court." Id. at 801. Only if the statute
"reaches a substantial amount of constitutionally protected conduct" may it be struck down
for overbreadth. City of Houston v. Hill, 482 U.S. 451, 458 (1987) (quoting Vill. of Hoffman
Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982)). 
          Shaw imagines a number of circumstances involving sexual conduct between
consenting adults where she alleges the statute would be applied unconstitutionally. 
However, we cannot say the statute is impermissibly broad when "judged in relation to the
statute's plainly legitimate sweep," i.e., employees and students in primary and secondary
schools, when the vast majority of such students are undoubtedly not adults. The record
before us contains no data about what percentage of secondary school students affected
by this statute are adults. Thus, even if this statute could be said to infringe on
fundamental First Amendment rights of those students and employees who are of age,
there is no evidence before us indicating Section 21.12 "reaches a substantial amount of
constitutionally protected conduct." Hill, 482 U.S. at 458 (quoting Vill. of Hoffman Estates,
455 U.S. at 494). Accordingly, we reject Shaw's contention that Section 21.12 violates the
First Amendment by being overly broad.
Due Process Clause and Void for Vagueness
          Shaw contends the overbreadth of the statute also violates the Due Process
Clauses of the Fifth and Fourteenth Amendments. As the overbreadth doctrine has been
recognized only in First Amendment contexts, we will not address this claim. Shaw also
contends, however, that the statute's vagueness violates these same constitutional
protections.
          The State contends this Court lacks jurisdiction over Shaw's due process claims. 
Because of the existence of an adequate remedy by appeal, a defendant may not use
pretrial habeas corpus to assert his or her constitutional rights to due process. Culver, 932
S.W.2d at 210; Ex parte Gonzales, 667 S.W.2d 932, 935 (Tex. App.—Austin 1984, pet.
ref'd). Due process claims, therefore, are not cognizable on a pretrial application for
habeas relief. Mitchell v. State, 963 S.W.2d 532, 540–41 (Tex. App.—Tyler 1996), aff'd,
977 S.W.2d 575 (Tex. Crim. App. 1997).
          Notwithstanding the lack of cognizability of this issue on a pretrial writ, Shaw has not
met the strict requirements for claiming a statute is void for vagueness. A statute is void
for vagueness and lacks the first essential element of due process when it either forbids
or requires the doing of an act in terms so vague that people of common intelligence must
guess as to its meaning and differ as to its application. Vill. of Hoffman Estates, 455 U.S.
at 498; Ely v. State, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979). A
vagueness challenge to an enactment will be upheld only if it is impermissibly vague in all
of its applications. McDonald v. State, 693 S.W.2d 660, 661 (Tex. App.—Dallas 1985, no
pet.) (citing Clark v. State, 665 S.W.2d 476, 482 (Tex. Crim. App. 1984)); see also Umphlet
v. Connick, 815 F.2d 1061, 1066 (5th Cir.1987) ("One to whose conduct a statute clearly
applies may not successfully challenge it for vagueness."). To be vague in all of its
applications, a statute must necessarily be vague as to the litigant; hence, if the statute is
not vague as to the litigant, a due process challenge must necessarily fail. A person "who
engages in some conduct that is clearly proscribed cannot complain of the vagueness of
the law as applied to the conduct of others." Vill. of Hoffman Estates, 455 U.S. at 495. 
          The statute at issue can be paraphrased as follows: employees of primary or
secondary schools may not engage in sexual contact, sexual intercourse, or deviate sexual
intercourse with a person, not his or her spouse, enrolled as a student at the school where
the employee works. People of common intelligence need not guess as to this statute's
meaning. Neither is this statute impermissibly vague in all its applications. For example,
if a thirty-five-year-old teacher has sexual intercourse with one of his or her thirteen-year-old students, and the student is not the teacher's spouse, that teacher's conduct would
clearly fall within the language of Section 21.12. 
          Shaw further complains, in alleging Section 21.12's vagueness, that it lacks a
requisite mental state, does not define "employee" or "student," and its title is misleading. 
It is true the statute does not articulate a specific mens rea. However, if the definition of
an offense does not prescribe a culpable mental state, then intent, knowledge, or
recklessness suffices to establish criminal responsibility. Tex. Pen. Code Ann. § 6.02(c)
(Vernon Supp. 2006). 
          As for the lack of specific definitions for the terms "employee" and "student," a
statute is not vague simply because its terms are not specifically defined. Engelking v.
State, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988). Words and terms not defined within
a statute are to be given their plain and ordinary meaning, and words whose meanings are
understood by persons of ordinary intelligence are not vague or ambiguous. Floyd v.
State, 575 S.W.2d 21, 23 (Tex. Crim. App. [Panel Op.] 1978). 
          While it is true, as Shaw points out, that the title of Section 21.12 contains the word
"educator" while the statute itself refers to "employee," the language of a statute controls
over its title. Salazar v. State, 145 Tex. Crim. 478, 169 S.W.2d 169, 170 (1943). The
statute's title must simply give fair notice to a person of the contents of the statute. 
Ex parte Crisp, 661 S.W.2d 944, 947–48 (Tex. Crim. App. 1983); Peak v. State, 522 
S.W.2d 907, 909 (Tex. Crim. App. 1975). 
          We reject Shaw's contentions that the statute is void for vagueness. 
Equal Protection Clause of the Fourteenth Amendment
          Shaw complains Section 21.12 violates the Equal Protection Clause of the
Fourteenth Amendment. This claim probably is not cognizable on a pretrial application for
habeas relief, since it appears Shaw would have an adequate remedy on appeal, in the
event she is convicted. However, in George, the Texas Court of Criminal Appeals
addressed an equal protection claim raised in a pretrial habeas application. See Ex parte
George, 152 Tex. Crim. 465, 215 S.W.2d 170 (1948). 
          In George, the court set out the limitation on an Equal Protection Clause claim in the
pretrial habeas context: "When the classification in . . . a law is called in question [pursuant
to the Equal Protection Clause of the Fourteenth Amendment], if any state of facts
reasonably can be conceived that would sustain it, the existence of that state of facts at
the time the law was enacted must be assumed." Id. at 173. Again, our hypothetical thirty-five-year-old teacher having sexual intercourse with a thirteen-year-old student is such a
"state of facts" where the application of Section 21.12 cannot be said to violate the Equal
Protection Clause of the Fourteenth Amendment. 
          Assuming, without deciding, that Shaw's Equal Protection Clause claim is
cognizable on a pretrial habeas application, we still would be compelled to overrule this
point of error. In applying the Equal Protection Clause, the United States Supreme Court
has consistently recognized that the Fourteenth Amendment does not deny to the States
the power to treat different classes of persons in different ways. Reed v. Reed, 404 U.S.
71, 75–76 (1971). A statute, however, may not single out specific classes of persons and
deny them particular rights based solely on those persons' identification with the particular
class; that is to say, any difference in treatment may not be based on "criteria wholly
unrelated to the objective of that statute." Id. at 76. If a statute neither burdens a
fundamental right nor targets a suspect class, the legislative classification will be upheld
so long as it bears a rational relation to some legitimate end. Romer v. Evans, 517 U.S.
620, 631 (1996). Romer involved the Colorado Legislature's law precluding homosexuals
from seeking protection from discrimination that was based on their homosexual status. 
The Supreme Court held the statute unconstitutional on equal protection grounds: the
Court found no "relation between the classification and the purpose it served." Id. at 633.
          Laws are reviewed for equal protection violations based on the class of persons
potentially affected by the legislation. The United States Supreme Court has articulated
different levels of review for examining whether a legislative act runs afoul of the Equal
Protection Clause, depending on the class affected. For example, laws involving
government intrusion which impact persons based on their race or ethnicity are subject to
strict scrutiny; such laws must further a compelling state interest to be constitutionally
sound. See Loving v. Virginia, 388 U.S. 1 (1967); Graham v. Richardson, 403 U.S. 365 
(1971). An intermediate level of scrutiny is directed at statutes based on gender. Craig
v. Boren, 429 U.S. 190, 197 (1976). At this level of scrutiny, the government must
demonstrate the statute is substantially related to an important governmental objective. 
Finally, most legislation will be presumed to be constitutional, and must only be shown to
be rationally related to a legitimate state interest. City of Cleburne, Tex. v. Cleburne Living
Ctr., 473 U.S. 432, 440 (1985).
          Even when the purpose of a statute is legitimate, equal protection analysis still
requires a determination that the classifications drawn by the statute are rationally related
to the statute's purpose. Sullivan v. Univ. Interscholastic League, 616 S.W.2d 170, 172
(Tex. 1981). Under the rational basis test of Sullivan, similarly situated individuals must
be treated equally under the statutory classification, unless there is a rational basis for not
doing so. 
          Shaw has not demonstrated, and we do not find, that "employee[s] of a public or
private primary or secondary school" are a protected class for equal protection purposes. 
Although the lines between the various levels of scrutiny may sometimes be blurred, we
hold the appropriate level of scrutiny here is that of a "rational basis," used in the City of
Cleburne case. We think it clear the State has at least a rational basis for passing the
statute at issue. Protecting students in primary and secondary schools—even those of
age—from the pressures, emotional strain, conflicts, distractions, and other difficulties
brought on by sexual conduct with persons, not their spouse, employed at the students'
schools is within the State's legitimate interest. We find no merit in Shaw's claim of an
Equal Protection Clause violation. 
Double Jeopardy Clause of the Fifth Amendment
          Finally, Shaw complains of the last subsection of Section 21.12: 
If conduct constituting an offense under this section also constitutes an
offense under another section of this code, the actor may be prosecuted
under either section or both sections.

Tex. Pen. Code Ann. § 21.12(c). 
          Shaw contends that, because this statute "authorizes the State to prosecute twice
for the same offense," it is "in blatant violation of the Constitutional prohibition against
double jeopardy" and is void on its face. 
          Fifth Amendment jeopardy questions must be resolved by application of the
Blockburger


 test, which compares elements of offenses—not conduct. Ortega v. State,
171 S.W.3d 895, 899 (Tex. Crim. App. 2005). To determine whether jeopardy attaches,
a court must inquire whether each offense contains an element not contained in the other. 
Blockburger, 284 U.S. at 304. If a different element is present, double jeopardy does not
attach. Id. However, if each element of the offense in the first indictment is identical to the
offense in the second indictment, double jeopardy attaches and bars successive
prosecutions. Id.
          We find nothing in the language of Section 21.12(c) causing its application to
automatically and always violate the constitutional prohibition against double jeopardy. We
note this subsection is no different from a number of other similar penal laws containing
an almost identical provision.


 Shaw does not argue, and we have found no authority, that
these other penal statutes are likewise constitutionally invalid. The subsection at issue is
not facially unconstitutional.
Conclusion
          We hold that Section 21.12, Texas Penal Code, is not unconstitutional on its face. 
It does not violate the First Amendment by being overly broad. Even if we have no
jurisdiction to address Shaw's due process claims under the Fifth and Fourteenth
Amendments, we cannot say Section 21.12 is void for vagueness. The statute does not
violate the Equal Protection Clause of the Fourteenth Amendment or the Double Jeopardy
Clause of the Fifth Amendment. 
          Accordingly, we affirm the trial court's ruling and remand this case to the trial court
for further proceedings.


                                                                Donald R. Ross
                                                                Justice 
 
Date Submitted:      June 28, 2006
Date Decided:         August 11, 2006

Publish