IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00204-CR

 

Andrew Berkovsky,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 278th
District Court

Walker County, Texas

Trial Court No. 23105

 



Opinion



 

A grand jury charged Andrew Berkovsky by indictment with the
offense of improper relationship between an educator and student.  See Tex. Pen. Code Ann. § 21.12 (Vernon Supp. 2006).  The indictment alleges that
Berkovsky engaged in sexual contact with a student of the secondary school
where Berkovsky was employed.  Berkovsky filed a pretrial motion for a writ of
habeas corpus in the trial court, alleging that the alleged student was 18
years old at the time of the alleged conduct and that section 21.12 is
unconstitutional on its face.  The
trial court granted the writ, set and held a hearing, but then denied relief,
finding that the statute is not facially unconstitutional. 

Berkovsky now appeals that ruling.  See Tex. R. App. P. 31.  He contends in two
issues that the statute is facially void under (1) the United States
Constitution because it violates a fundamental liberty interest and (2) the
Texas Constitution because it violates the right to privacy.  We will affirm
the trial court’s ruling.

Berkovsky’s first issue asserts that section 21.12 is facially
overbroad because it interferes with a “substantial and fundamental” liberty
interest—consensual sexual conduct between adults.  The Austin Court of Appeals
recently and thoroughly addressed this precise issue, holding that section
21.12 does not implicate a fundamental constitutional right.  Ex parte
Morales, --- S.W.3d ---, ---, 2006 WL 2032487, at *3-7 (Tex. App.—Austin July 21, 2006, no pet. h.); see also In re Shaw, --- S.W.3d ---, ---, 2006
WL 2321788 (Tex. App.—Texarkana Aug. 11, 2006, no pet. h.) (affirming trial
court’s finding that section 21.12 is not unconstitutional).  Berkovsky fails
to persuade us that the analysis in Morales is faulty.  We thus will
follow it and overrule his first issue.

In his second issue, Berkovsky claims that the Texas Constitution
provides more protection for liberty interests than the United States Constitution,
and thus section 21.12 interferes with the right to privacy under the Texas
Constitution.  See Bell v. Low Income Women of Texas, 95 S.W.3d 253, 264 (Tex. 2002)
(discussing privacy under Texas Constitution); City of Sherman v. Henry, 928 S.W.2d 464, 468 (Tex. 1996) (same); Davenport
v. Garcia, 834 S.W.2d 4, 8-9 (Tex. 1992) (interpreting Texas Constitution’s
right to free speech more broadly than its federal equivalent).  Notwithstanding
Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003)
(holding that Texas statute making it a crime for two persons of the same sex
to engage in certain intimate sexual conduct was unconstitutional), we are not
aware of, and Berkovsky does not cite, any Texas law recognizing a fundamental privacy
right to consensual sexual conduct between adults.  We decline to declare such
a right and thus overrule Berkovsky’s second issue.

We affirm the trial court’s order.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs in the
judgment, but not the opinion, of the court without a separate opinion.)

Affirmed

Opinion
delivered and filed October 18, 2006

Publish