NO.
12-08-00078-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

IN RE: MICHAEL KENNEDY,

RELATOR     §          ORIGINAL
PROCEEDING

 

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Michael
Kennedy seeks a writ of mandamus requiring the trial court to set bail, read
him his  rights and issue notice of the
charges against Kennedy.[1] 
We construe Kennedy’s mandamus petition as a complaint that he is being
illegally confined prior to indictment. 
We deny the petition.

            Initially,
we note that Kennedy has not complied with Texas Rule of Appellate Procedure
52, which sets out the requisites for filing an original proceeding such as
mandamus.  Rule 52.3, subsections (a)
through (j), prescribes the form and contents of a mandamus petition.  Tex.
R. App. P. 52.3(a)-(j).  Rule
52.7(a) describes the items that must be included in the record filed with the
petition.  Tex. R. App. P. 52.7(a). 
Kennedy has failed to satisfy several of these requirements.  See Tex.
R. App. P. 52.3(a)-(f), 52.3(j), 52.7(a).

            Moreover, in
a criminal case, mandamus relief is authorized only if the relator establishes
that (1) he has no other adequate legal remedy and (2) under the facts and the
law, the act sought to be compelled is purely ministerial.  State ex rel. Hill v. Fifth Court of
Appeals, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001).  A defendant may raise by pretrial habeas
corpus claims concerning unlawful confinement. 
See Tex. Code Crim. Proc.
Ann. art. 11.23 (Vernon 2005) (writ of habeas corpus intended to be
applicable to all cases of illegal confinement and restraint); see also In
re Shaw, 204 S.W.3d 9, 14 (Tex. App.–Texarkana 2006, pet. ref’d)
(matters of bail properly raised by pretrial habeas).  Kennedy asserts he is illegally confined in
the Anderson County Jail.  That complaint
is properly raised by pretrial habeas corpus. 
Because his claim may be raised by pretrial habeas corpus, Kennedy
cannot show that he has no adequate legal remedy.  Accordingly, his petition for writ of
mandamus is denied.  

            Kennedy has
also filed a motion for show cause, requesting that the Honorable Bascom W.
Bentley, III, Judge of the 369th Judicial Court of Anderson County, be ordered
to show this court why he set Kennedy’s bond at $100,000.  Because matters concerning bail are properly
raised by pretrial habeas, In re Shaw, 204 S.W.3d at 14, we take
no action on Kennedy’s motion for show cause. 


 

                                                                                                     BRIAN HOYLE    

                                                                                                               Justice

 

 

Opinion delivered February
22, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                

 

(DO NOT PUBLISH)











[1] The
respondent is the Honorable Mark A. Calhoon, Judge of the 3rd Judicial District
Court, Anderson County, Texas.