NO.
12-08-00086-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

IN RE: JOE HENRY DECKARD, JR.,

RELATOR     §          ORIGINAL
PROCEEDING

 

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Joe Henry
Deckard, Jr. seeks a writ of mandamus requiring the trial court “to set a
reasonable bond or to give notice and charges if an indictment has been issued.”[1]  In support of his request, Deckard alleges
that the State issued an arrest warrant for him on December 14, 2007 “for an
offense and charge unknown.”  He further
states that he has been held in custody for over one year without notice of the
charges against him, the return of any indictment, or any evidence to justify
his confinement.[2]  We deny the
petition.

            Initially,
we note that Deckard has not complied with Texas Rule of Appellate Procedure
52, which sets out the requisites for filing an original proceeding such as
mandamus.  Rule 52.3, subsections (a)
through (j), prescribes the form and contents of a mandamus petition.  Tex.
R. App. P. 52.3(a)-(j).  Rule
52.7(a) describes the items that must be included in the record filed with the
petition.  Tex. R. App. P. 52.7(a). 
Deckard has failed to satisfy several of these requirements.  See Tex.
R. App. P. 52.3(a)-(f), 52.3(j), 52.7(a).

 

            Moreover, in
a criminal case, mandamus relief is authorized only if the relator establishes
that (1) he has no other adequate legal remedy and (2) under the facts and the
law, the act sought to be compelled is purely ministerial.  State ex rel. Hill v. Fifth Court of
Appeals, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001).  A defendant may raise by pretrial habeas
corpus claims concerning unlawful confinement. 
See Tex. Code Crim. Proc.
Ann. art. 11.23 (Vernon 2005) (writ of habeas corpus intended to be
applicable to all cases of illegal confinement and restraint); see also In
re Shaw, 204 S.W.3d 9, 14 (Tex. App.–Texarkana 2006, pet. ref’d)
(matters of bail properly raised by pretrial habeas).  Deckard asserts he is illegally confined in
the Anderson County Jail.  That complaint
is properly raised by pretrial habeas corpus. 
Because his claim may be raised by pretrial habeas corpus, Deckard
cannot show that he has no adequate legal remedy.  Accordingly, his petition for writ of
mandamus is denied.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                               Chief Justice

 

Opinion delivered February
22, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The
respondents are the Honorable Mark A. Calhoon, Judge of the 3rd Judicial
District Court, and the Honorable Pam Foster Fletcher, Judge of the 349th
Judicial District Court, Anderson County, Texas.





[2]  Deckard did not furnish a copy of the
arrest warrant or any documentation showing the date of his arrest.  Therefore, we are unable to explain the
discrepancy between the date of the arrest warrant and the length of time Deckard
alleges he has been confined.