NO.
12-08-00087-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

 

IN RE: DAMIEN PARKER,            §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Damien
Parker seeks a writ of mandamus requiring the trial court “to set a reasonable
bond or to give notice and charges if an indictment has been issued.”[1]  We interpret Parker’s allegations as an
assertion that the bail set by the trial court is unreasonable in light of the
fact that Parker has not been indicted. 
We deny the petition.

            Initially,
we note that Parker has not complied with Texas Rule of Appellate Procedure 52,
which sets out the requisites for filing an original proceeding such as
mandamus.  Rule 52.3 (a)-(j) prescribes
the form and contents of a mandamus petition. 
Tex. R. App. P. 52.3(a)-(j).  Rule 52.7(a) describes the items that must be
included in the record filed with the petition. 
Tex. R. App. P. 52.7(a).  Parker has failed to satisfy several of these
requirements.  See Tex. R. App. P. 52.3(a)-(f), 52.3(j),
52.7(a).

            Moreover, in
a criminal case, mandamus relief is authorized only if the relator establishes
that (1) he has no other adequate legal remedy and (2) under the facts and the
law, the act sought to be compelled is purely ministerial.  State ex rel. Hill v. Fifth Court of
Appeals, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001).  A defendant may raise by pretrial habeas
corpus claims concerning matters such as double jeopardy, collateral estoppel,
and bail, because those protections would be undermined if review were not
permitted until after conviction.  In
re Shaw, 204 S.W.3d 9, 14 (Tex. App.–Texarkana 2006, pet. ref’d).  Here, Parker asserts the trial court set
unreasonable bail.  That complaint is
properly raised by pretrial habeas corpus. 
See id. 
Because his claim may be raised by pretrial habeas corpus, Parker cannot
show that he has no adequate legal remedy. 
Accordingly, his petition for writ of mandamus is denied.

 

 

                                                                                                     BRIAN HOYLE    

                                                                                                               Justice

 

Opinion delivered February
22, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                                

 

 

(DO NOT PUBLISH)











[1] The
respondents are the Honorable Mark A. Calhoon, Judge of the 3rd Judicial
District Court, and the Honorable Pam Foster Fletcher, Judge of the 349th
Judicial District Court, Anderson County, Texas.