In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00026-CR

                                                ______________________________

 

 

                                SHERMAN LEE HAMMONS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 5th Judicial District Court

                                                              Cass County, Texas

                                                      Trial Court No. 2008-F-00150

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

            

            Sherman
Lee Hammons was a teacher at McLeod High School.  He was convicted of an improper relationship
with his student and was sentenced to ten years’ imprisonment in the Texas
Department of Criminal Justice-Institutional Division.[1]  Hammons alleges that evidence establishing he
sent sexually explicit text messages “on or about the 14th day of January, 2008,”
to a student with intent to arouse or gratify his sexual desire was legally and
factually insufficient to support his conviction.[2]  He also argues that the statute under which
he was convicted is unconstitutional and that he had “a fundamental free speech
right to engage in text messaging with a student outside of the school setting
in a consensual manner.”  We conclude
that the evidence was sufficient to support his conviction.  Because Hammons failed to preserve his
remaining points of error, we will affirm the trial court’s judgment.  

I.          Sufficient
Evidence Supports Hammons’ Conviction 

            In conducting a legal sufficiency
review, we consider the evidence in the light most favorable to the judgment to
determine whether any rational jury could have found the essential elements of
improper relationship between educator and student beyond a reasonable
doubt.  Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).  We must give deference to the jury’s
responsibility “to fairly resolve conflicts in testimony, to weigh the
evidence, and to draw reasonable inferences from basic facts to ultimate facts.”
 Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307, 318–19
(1979)).  We are not required to
determine whether we believe that the evidence at trial established guilt
beyond a reasonable doubt; rather, when faced with conflicting evidence, we
presume that the jury resolved any such conflict in favor of the prosecution,
and we defer to that resolution.  State v. Turro, 867 S.W.2d 43, 47 (Tex.
Crim. App. 1993). 

            Legal
sufficiency is measured by the elements of the offense as defined by a
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).  Section 21.12 of
the Texas Penal Code states that “[a]n employee of a public . . . secondary
school commits an offense if the employee engages in:  . . . (2) conduct described by Section 33.021”
with a person “enrolled in a public . . . secondary school at which the
employee works,” “regardless of the age of that person.”  Tex.
Penal Code Ann. § 21.12(a). 
Section 33.021 states a person commits an offense if “with the intent to
arouse or gratify the sexual desire of any person, . . . the person, over the
Internet, by electronic mail or text message . . . , intentionally:  (1) communicates in a sexually explicit
manner with a minor.”  Tex. Penal Code Ann. § 33.021(b)(1)
(Vernon Supp. 2010).  The evidence will
be sufficient if it established that (1) Hammons; (2) was an employee of a
secondary school; (3) and intentionally communicated via electronic mail or
text message; (4) that was sexually explicit; (5) with a student enrolled in
the school at which Hammons worked; (6) with intent to arouse or gratify
his sexual desire.  Sexually explicit “means
any communication, language, or material, . . . that relates to or describes
sexual conduct, as defined by Section 43.25.” 
Tex. Penal Code Ann. §
33.021(a)(3) (Vernon Supp. 2010).  One
definition of “sexual conduct” is “sexual contact, actual or simulated sexual
intercourse . . . .”  Tex. Penal Code Ann. § 43.25(2)
(Vernon Supp. 2010). 

            Student
T.J.F. met with investigator Mark West and showed him text messages on her cell
phone from Hammons.  West described the
messages as sexually explicit.  He met
with Hammons, who admitted that he was a teacher at the high school and T.J.F.
was his student.  West obtained a written
statement from Hammons that attempted to explain the text messages.  It read:

The same day, I told [T.J.F.] that my best man was
planning a bachelor party and I asked [T.J.F.] “Does she strip”? . . . .
[T.J.F.] did not give me an answer, she just walked off.  The question of stripping was never brought
up again. . . .  About January 18 or
19, 2008, [T.J.F.] sent me text messages that were explicit.  I responded to her text by sending her a text
message that was explicit regarding sex. 

 

T.J.F. testified in front of the
jury that Hammons began to text message her first, that the messages were
initially innocent, and later became sexual. 
The text messages from Hammons were displayed for the jury.  They read: 


 “One of a kind.  You are very hot and you have this
 shyness about you that’s why I think your [sic] wild.  I just want to make out with you.”  
 “What you want, I
 want you [to] tease and please me, I like to play, Dress in something hot
 and sexy.”  
 “I’m so horny
 thinking about it I can scream.”  


 

            Hammons’
briefing suggests this Court should only review the above text messages sent
prior to January 14, 2008, because the jury acquitted him of charges that he
sent explicit text messages “on or about the 19th day of January, 2008.”  However, “[i]t is well settled that the ‘on
or about’ language of an indictment allows the State to prove a date other than
the one alleged in the indictment as long as the date is anterior to the
presentment of the indictment and within the statutory limitation period.”  Sledge
v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) (citing Tex. Code Crim. Proc. Ann. art.
21.02(6) (Vernon 2009); Scoggan v. State,
799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990)) (“[T]he State is not bound by
the date alleged in the indictment . . . so long as the date proved is a date
anterior to the presentment of indictment and the crime’s occurrence is not so
remote as to be barred by limitation.”); Thomas
v. State, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988) (“[W]here an
indictment alleges that some relevant event transpired ‘on or about’ a
particular date, the accused is put on notice to prepare for proof that the
event happened at any time within the statutory period of limitations.”).  Thus, the jury was entitled to consider the
following text messages sent to T.J.F.:


 “I
 like sideways and backwards, I would love just one chance with you.  It would be awsome [sic].”  
 “Come
 on and f*** me.  Well, what’s
 stopping U [sic]?  NO I would f***
 you for hours.”
 “I
 want my stiff d*** inside that warm p****. 
 I want to feel you up and make you cum.”[3]  


 

            After
considering all of the evidence “on or about” the three dates alleged in the
indictment (January 14, 19, and 24, 2008), the jury found Hammons guilty of
only one offense.  Since the jury had the
authority to consider all of the evidence “on or about” the dates alleged, it
could determine that he was guilty of only one offense and designate the one
for which he was found guilty.  A review
of all of the evidence unquestionably demonstrates that a rational jury could
find Hammons was an employee of a secondary school, and intentionally sent
explicit text messages describing sexual contact to a student enrolled in his
school.  The requisite specific intent to
arouse or gratify sexual desire “can be inferred from the defendant’s conduct
and remarks and all the surrounding circumstances.”  Villanueva
v. State, 209 S.W.3d 239, 246 (Tex. App.––Waco 2006, no pet.).  Given the evidence in this case, the jury was
free to infer intent to arouse or gratify sexual desire from the content of
Hammons’ text messages.  We conclude the
evidence was legally sufficient.  

            Hammons’
first point of error is overruled.    

II.        Hammons
Failed to Preserve Remaining Complaints

            Hammons alleges that Section 21.12
is “facially unconstitutional insofar as said statute prohibits an educator
from engaging in consensual text messaging with a student outside of a school
setting.”  He further claims the statute
is overbroad and violates the First Amendment insofar as it restricts his
fundamental right to engage in free speech.  “As a prerequisite to presenting a complaint
for appellate review, the record must show that:  (1) the complaint was made to the trial court
by a timely request, objection, or motion . . . .”  Tex. R.
App. P. 33.1(a)(1).  

            Failure
to object to the unconstitutionality of a statute waives any appellate review
of that complaint.  Karenev v. State, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); Curry v. State, 910 S.W.2d 490, 496
(Tex. Crim. App. 1995) (holding appellant waived his challenge to statute as
vague as applied because he did not specifically object at trial); Fluellen v. State, 104 S.W.3d 152, 167
(Tex. App.––Texarkana 2003, no pet.) (“A constitutionality challenge based on
application to the defendant’s case cannot be raised for the first time on
appeal.”).  Hammons made no objection to
the trial court about the constitutionality of Section 21.12 of the Texas Penal
Code and did not otherwise raise the issue in his motion for new trial.  Thus, he has failed to preserve these points
of error for our review.  Williams v. State, 305 S.W.3d 886, 893
(Tex. App.––Texarkana 2010, no pet.).[4]  Hammons’ remaining points are overruled. 

III.       Conclusion


            We
affirm the trial court’s judgment.  

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          October 7, 2010

Date Decided:             October 22, 2010

 

Do Not Publish

 











[1]Hammons
was charged with three separate violations of Section 21.12 of the Texas Penal
Code.  Tex.
Penal Code Ann. § 21.12 (Vernon Supp. 2010).  The jury returned a guilty verdict only on
count two of the State’s indictment, which alleged the offense occurred on or
about the 14th day of January, 2008.  Our
opinion focuses solely on this count alleging Hammons “did then and there,
while the defendant was an employee of a public secondary school, to-wit:  McLeod High School, with the intent to arouse
or gratify the sexual desire of the defendant, intentionally communicate by
electronic mail in a sexually explicit manner, to-wit:  text messaging to a cellular telephone, with
[T.J.F.], a person who was enrolled in the said McLeod High School and who was
not the defendant’s spouse.” 

 





[2]With
Judge Cochran joining the lead opinion, authoring a concurring opinion and Judge
Womack concurring with the lead opinion and joining the concurrence, in Brooks v. State, No. PD-0210-09, 2010 WL
3894613, at **1, 14 (Tex. Crim. App. Oct. 6, 2010) (4-1-4 decision), a
plurality of the Texas Court of Criminal Appeals abolished the factual
sufficiency review established by Clewis
v. State, 922 S.W.2d 126 (Tex.
Crim. App. 1996), and its progeny.  The plurality and Judge Womack agreed that the
Jackson v. Virginia legal-sufficiency
standard is the only standard that a reviewing court should apply in
determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt.
 Brooks,
2010 WL 3894613 at **1, 14.  Since the
Texas Court of Criminal Appeals has abolished factual sufficiency review, we
need not address the defendant’s challenge(s) to the factual sufficiency of the
evidence.





[3]These
text messages were saved in T.J.F.’s phone under the name “Shawn.”  T.J.F. stated she used that alias for Hammons
because “I’m really open with my -- our friends see our cell phones a lot and I
didn’t want everyone knowing who I was texting.”  Hammons stated that Exhibit 2 containing a
text message from “Shawn” displayed his phone number, verifying T.J.F.’s
testimony.  





[4]Moreover,
we have previously held that Section 21.12 is not unconstitutional on its face
and does not violate the First Amendment by being overly broad.  In re
Shaw, 204 S.W.3d 9, 19 (Tex. App.––Texarkana 2006, pet. ref’d).