# NO. 12-18-00110-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MCCLENDON HARRISON, II,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

McClendon Harrison, II, appeals from the trial court's denial of his pretrial application for a writ of habeas corpus. Appellant raises two issues. We affirm.

### BACKGROUND

Jermaine Gray, Clifford Gray, and Appellant were involved in a violent assault against an individual. Initially, Jermaine and the victim engaged in an altercation. During that altercation, Appellant provided Jermaine with a firearm. Jermaine then shot the victim several times causing the victim's death.

The State issued an arrest warrant for Appellant, and Appellant turned himself into authorities in Shelby County on December 28, 2017. Appellant was detained immediately by Shelby County and was transferred to Angelina County the following day, December 29, 2017. Appellant has been confined in the Angelina County Jail since that time. The State charged Appellant with murder, aggravated assault with a deadly weapon, and unlawful possession of a firearm by a felon in an indictment returned on March 27, 2018. The State filed the indictment with the trial court on March 28, 2018.

The trial court set Appellant's bond at $500,000. Appellant has been unable to make his bond. Appellant's only assets are a 2007 Chrysler Sebring and a little over one hundred dollars

in his jail commissary account. Appellant has a previous felony conviction for aggravated assault, serious bodily injury. Appellant also has a few prior misdemeanor convictions.

Appellant filed an application for writ of habeas corpus on March 27, 2018. The trial court conducted an evidentiary hearing on the application on April 16, 2018. The trial court took judicial notice of the indictment and heard testimony from two witnesses, Appellant and Ron Stubblefield, a police officer with the City of Lufkin and the lead investigator on the case.

At the conclusion of the hearing, the trial court denied Appellant's application for writ of habeas corpus. This appeal followed.

## WRIT OF HABEAS CORPUS

In his first issue, Appellant contends that the trial court erred by denying his application for writ of habeas corpus because the State was not ready for trial within ninety days. In his second issue, Appellant argues that his bail is unconstitutionally excessive.

### Standard of Review and Applicable Law

We review a trial court's decision regarding an application for a writ of habeas corpus for an abuse of discretion. *In re Shaw*, 204 S.W.3d 9, 14 (Tex. App.—Texarkana 2006, pet. ref'd). A trial court abuses its discretion when it acts without reference to guiding rules or principles. *Id.* We review the evidence in the light most favorable to the ruling. *Id.*

A pretrial application for writ of habeas corpus should be denied when there is an adequate remedy by appeal after final judgment. *Id.* However, a defendant may raise a pretrial habeas corpus claim regarding bail because that protection would be undermined if review was not permitted until after conviction. *Id.*

A defendant who is detained in jail pending trial of a felony accusation against him must be released either on personal bond or by reducing the amount of bail required if the State is not ready for trial within ninety days from the commencement of his detention. TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West 2015). The statute is clear; if the State is not ready for trial in ninety days, the trial court has two options, release upon personal bond or reduce the bail amount. *Ex parte Castellano*, 321 S.W.3d 760, 762 (Tex. App.—Fort Worth 2010, no pet.).

"In computing a period of days, the first day is excluded and the last day is included." TEX. GOV'T CODE ANN. § 311.014(a) (West 2013). Thus, if a party must perform some act before the expiration of a time period, we compute the time period by excluding the first day and

including the last day. ***Nesbit v. State***, 227 S.W.3d 64, 68 (Tex. Crim. App. 2007). This rule applies to the State's making an announcement of ready for trial. *See **id.*** (citing ***Scott v. State***, 634 S.W.2d 853, 854–55 (Tex. Crim. App. 1982)).

Upon a defendant's assertion that the State was not ready for trial within the applicable time period, the State has the burden to make a prima facie showing that it was ready for trial timely. ***Jones v. State***, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991) (en banc). The State can carry its burden by announcing ready for trial before the time period has run or by announcing retrospectively that it had been ready within the time allowed. ***Castellano***, 321 S.W.3d at 762-63. But, the State cannot announce ready for trial when there is no indictment. ***Id.*** at 763. "The filing of an indictment is essential to vest the trial court with jurisdiction over a felony offense." ***Cook v. State***, 902 S.W.2d 471, 474 (Tex. Crim. App. 1995) (en banc).

Additionally, excessive bail shall not be required of a defendant. U.S. CONST. amend VIII. When a trial court sets the amount of bail to be required in a case, the trial court should be governed by the Constitution and the following principles: (1) bail should be sufficient to give reasonable assurance that the undertaking will be complied with; (2) bail should not be used as an instrument of oppression; (3) the nature of the offense and the circumstances under which it was committed should be considered; (4) the ability to make bail should be considered; and (5) the safety of the victim and the community should be considered. TEX. CODE CRIM. PROC. ANN. art. 17.15. The defendant has the burden of proof to establish that bail is excessive. ***Montalvo v. State***, 315 S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

**Analysis**

Because Appellant was confined on December 28, 2017, the State needed to be ready for trial on or before March 28, 2018. *See* TEX. GOV'T CODE ANN. § 311.014(a); ***Nesbit***, 227 S.W.3d at 68. We do not count December 28, 2017, and thus, the ninetieth day of Appellant's detainment was March 28, 2018.

The State's attorney represented to the trial court that the indictment of Appellant was returned and signed by the grand jury on March 27, 2018, and that the State was ready for trial at that point. The trial court took judicial notice of the indictment, and the indictment was file marked March 28, 2018. The State further presented testimony from Stubblefield that the State could present evidence from two eye witnesses that Appellant (1) was at the scene of the aggravated assault and murder, (2) was in possession of a firearm, and (3) provided the firearm

to Jermaine. Therefore, the trial court did not abuse its discretion by finding that the State was ready for trial on or before March 28, 2018. We overrule Appellant's first issue.

The trial court set Appellant's bail at $500,000, an amount that Appellant clearly was unable to make. However, Appellant's ability to make bail is not the only consideration for the trial court in determining the amount of bail. TEX. CODE CRIM. PROC. ANN. art. 17.15. And from our review of the record, there is no indication that the trial court used bail as an instrument of oppression. *Id.* The primary purpose of bail is to secure the defendant's presence in court at trial. *Montalvo*, 315 S.W.3d at 593. The trial court heard evidence that Appellant had only loose ties to Angelina County, had stronger ties to other communities, and had an unstable work history. Appellant also had a prior felony conviction. The trial court set bail sufficiently high to accomplish the goal of having Appellant present at trial.

The trial court also should consider the nature of the offense and the circumstances under which it was committed. TEX. CODE CRIM. PROC. ANN. art. 17.15. Appellant is charged with three felony offenses, murder, aggravated assault with a deadly weapon, and unlawful possession of a firearm by a felon. Appellant faces a possible sentence of life or up to ninety-nine years in prison. TEX. PENAL CODE ANN. § 12.32(a) (West 2011). And, while the trial court heard evidence that Appellant was not the individual who shot the victim, Appellant played a major role in the murder and the aggravated assault with a deadly weapon. Appellant possessed the firearm at the scene of the crime and gave it to Jermaine after Jermaine had been involved in a scuffle with the victim.

Finally, the trial court should consider the safety of the victim and the community. TEX. CODE CRIM. PROC. ANN. art. 17.15. While the victim is deceased, the trial court still had a duty to consider the safety of the victim's friends and family and the rest of the community.

Under this record, we cannot say that the trial court abused its discretion in setting Appellant's bail at $500,000. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's denial of Appellant's pretrial application for writ of habeas corpus.

**BRIAN HOYLE**
Justice

Opinion delivered August 15, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2018**

**NO. 12-18-00110-CR**

**MCCLENDON HARRISON, II,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2018-0157)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below denying Appellant's pretrial application for writ of habeas corpus **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*