

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00156-CR
_____

TAUREAUS ALVARO MAXWELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2023F00129

Before Stevens, C.J., van Cleef and Morriss,* JJ.
Memorandum Opinion by Chief Justice Stevens

_____

*Josh R. Morriss, III, Retired, Chief Justice, Sitting by Assignment

# MEMORANDUM OPINION

A Cass County jury found Taureaus Alvaro Maxwell guilty of indecency with a child by contact and assessed a sentence of twenty years' imprisonment with a $10,000.00 fine. *See* TEX. PENAL CODE ANN. § 21.11(a). In his sole point of error on appeal, Maxwell argues that the evidence is legally insufficient to support the jury's verdict of guilt. Because we find the evidence legally sufficient to support Maxwell's conviction, we affirm the trial court's judgment in this case.

Maxwell also appeals from three more convictions for indecency with a child by contact in cause numbers 06-24-00157-CR through 06-24-00159-CR, and four convictions for improper relationship between educator and student in cause numbers 06-24-00160-CR through 06-24-00163-CR. Maxwell filed a single, consolidated brief covering all of his appeals. Because Maxwell raises the same legal sufficiency complaint in all of his appeals, we discuss the facts related to all of those appeals in this main opinion.

## I.     Factual Background

The State's allegations stemmed from four separate acts of inappropriate touching of the same child, Josh, who was fourteen at the time of the offenses.[1] At trial, Josh testified that Maxwell was his freshman health science teacher at Atlanta High School. According to Josh, Maxwell's desk was at the back of the classroom. Although the students' desk arrangement changed, they were either in rows facing the front of the classroom towards the whiteboard or were arranged in groups so the students would face each other. Josh testified that Maxwell was

---

[1]We use pseudonyms to protect the identity of any minors at the time of the offense. *See* TEX. R. APP. P. 9.10.

really friendly and that they became friends on Snapchat. Even so, Josh felt singled out in Maxwell's class because he was called to the teacher's desk in the back of the classroom three or four times a week.

Josh, a football player, testified that the first incident occurred in October 2022, "towards the end of football season." Josh said that Maxwell called him to his desk to talk about his schoolwork. Josh said that Maxwell put a piece of paper in front of him and "started touching [him] on [his] thigh and eventually moved towards [his] privates." According to Josh, Maxwell made a cupping motion on his genitals on top of his clothing while "making some noises like low noises." Josh said he was shocked and speechless and tried to push Maxwell's hand off of him. Even so, Maxwell continued the touching until Josh quietly told him to stop. Josh said he was too embarrassed to say anything loudly and went back to his seat like nothing happened because he did not want the other students to know what happened.

The second incident took place a few weeks after the first. Josh testified that he was missing work from Maxwell's class and was called back to Maxwell's desk again. Josh testified that Maxwell touched his genitals again over his clothing, making Josh question why that was happening to him. That time, Josh told his best friend, Cameron, but asked Cameron not to tell anyone because of the embarrassment.

A third touching happened three weeks to one month after the second. Josh testified that, on the third occasion, Maxwell waited until the bell rang, asked Josh to stay after class to discuss his poor grades, and locked Josh in the classroom after all the other students had left. Josh said Maxwell pinned him to the wall using his arm and started touching his privates. Josh testified

3

that he tried to push Maxwell off but that Maxwell told him to be quiet and kept gripping his genitals with such force that they hurt for a few days. Once again, Josh left the classroom after the incident and said nothing.

As for the fourth touching, Josh said it occurred in December while the class was watching a movie with the lights off. Josh said that, once again, Maxwell called him to his desk because he was missing work. Josh testified that Maxwell reached over him as if he were helping with his schoolwork but put his hand on Josh's thigh and moved up to cup his genitals over his clothing. That time, Josh got up and walked back to his desk. After class, Josh told Cameron and another football player, David, and eventually told his mother.

Cameron testified that he was in Maxwell's class with Josh and that Josh was called to the back of the classroom three or four times a week. Cameron testified that Josh had confided in him.

David shared that he was the first to report Maxwell to the school after Josh confided that Maxwell had touched him inappropriately. David also reported his own interactions with Maxwell. According to David, Maxwell had given him a sticky note with his Snapchat name on it around October 2022. Maxwell told David that David would add him on Snapchat if he trusted him. After David did so, Maxwell sent him a snapchat message saying, "If only you were as sweet as your pictures." David testified that Maxwell also sent messages like, "Hey, honey" and "Do you love me?" David, who felt uncomfortable, testified that Maxwell's messages escalated and that Maxwell sent messages saying, "Take those clothes off," and "I want videos of the one when you're out of the shower." David secretly recorded a conversation with Maxwell where

4

they were talking about Maxwell "asking to see [David's] penis in the picture" and, according to David, Maxwell said that, if David sent the picture, Maxwell could then trust him.

Soon, other children started making reports against Maxwell. Jack testified that Maxwell was a well-liked teacher and that he added him on Snapchat. According to Jack, Maxwell was inappropriate on several occasions, including when he sent a message saying, "Let me see your wiener, baby." Jack, who said the message was weird and scary, reported it to his friend Robert, who was also friends with Maxwell on Snapchat. Jack testified that, one day, when walking to class, Maxwell "grabbed [his] shirt and held [him] there for a second and eventually grabbed [his] privates." Jack was sure that it was not an accident and reported it to his friend Khris, who testified that he was shocked and surprised when Jack said Maxwell had grabbed him in the crotch.

Robert testified that he saw the message Maxwell sent to Jack on Jack's phone and also testified that Maxwell had asked him "to send pictures of [his] stuff, private area." Robert texted back, "You first," as a joke and received no response. Robert also showed his chats with Maxwell to his friend, Corbin, and Corbin confirmed that Maxwell had sent Robert a message saying, "Don't be scared. Show me your wiener." Robert testified that Maxwell deleted him on Snapchat after Robert was called to the principal's office to discuss the inappropriate messages.

Hallie Thompson, a family advocate with the Texarkana Children's Advocacy Center, interviewed several Atlanta High School students after their reports. According to Thompson, "Josh . . . made an outcry of four different incidences of being touched by a teacher," Jack made

5

an outcry about being touched and being asked to send inappropriate pictures, and David said Maxwell asked him to send inappropriate pictures of private body parts.

Thompson testified that Josh said he was first touched by Maxwell toward the end of October, which was also toward the end of football season, that the second incident was three or four weeks later, that the third time was two weeks after the second time, and that the last time was before spring break. Josh told Thompson that three of the incidents happened in the classroom when the rest of the class was there.

According to Thompson, the first incident happened when Maxwell called Josh to his desk to talk about a vocabulary paper. Josh told Thompson that he sat next to Maxwell and that Maxwell's hand touched his genitals and testicles. Thompson said that Josh told Maxwell to stop, but he did not, and that Josh walked back to his desk after the incident while the rest of the class was working. Thompson said that the second time, Josh said Maxwell slid his hand on Josh's thigh and, when Josh slapped Maxwell's hand, Maxwell said, "[I]f you're my friend, you'll let me do it." Josh told Thompson that Maxwell touched his genitals again while the class was working. As for the third time, Josh said that it happened after class. Josh reported that Maxwell grabbed his hoodie and used his arm to push Josh up against the wall. According to Thompson, Josh told Maxwell to stop, but Maxwell pushed him against the wall and touched his genitals. Thompson testified that the last and fourth incident happened in class while the class was watching a movie. Thompson said Josh told her that Maxwell made Josh sit next to him and touched his testicles while whispering, "[Y]ou have to trust me."

Judy Townsend, an investigator with the Department of Family and Protective Services, testified that "one of the students had made an outcry that he had been sexually and inappropriately touched in a classroom and supposedly had been touched in front of the students and the classroom of Mr. Maxwell." According to Townsend, Maxwell initially denied having contact with students on social media like Snapchat or Facebook. Later in the interview, Townsend testified that Maxwell admitted that "he had friended some students on Snapchat."

After hearing this evidence, the jury found Maxwell guilty of the allegations against him.

## II.     Standard of Review

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd)). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007))).

7

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* at 298 (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

## III.    Analysis

A person commits indecency with a child if he "engages in sexual contact with" a child "with intent to arouse or gratify" his sexual desire. TEX. PENAL CODE ANN. § 21.11(a). The term "sexual contact" includes the "touching through clothing, of . . . any part of the genitals of a child." TEX. PENAL CODE ANN. § 21.11(c)(1). In its indictment in this cause, the State alleged that, on or about October 26, 2022, Maxwell engaged in sexual contact with Josh, a child, with the intent to arouse or gratify his sexual desire, by touching Josh's genitals. In cause number 06-23-00157-CR, the State alleged that Maxwell engaged in sexual contact with Josh by touching the child's genitals with the required intent on or about November 18, 2022. In cause number 06-23-00158-CR, the State alleged that Maxwell committed indecency with a child by contact on or about December 1, 2022, and in cause number 06-23-00159-CR, the State alleged the offense occurred again on or about March 17, 2023.

Here, Maxwell does not argue that the evidence is insufficient to support any of the essential elements of the four alleged offenses. Indeed, the "testimony of a child victim alone is sufficient to support a conviction for . . . indecency with a child," and Josh testified about four

8

different times when Maxwell touched his genitals. *See Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 38.07). According to Josh, Maxwell made low noises during the first incident. From that evidence, and the evidence involving Maxwell's inappropriate conduct with other children, the jury was free to determine that Maxwell engaged in the sexual contact of Josh, a child, with the intent to arouse or gratify his sexual desire, and Maxwell's brief does not dispute this.

Instead, Maxwell's only argument is as follows: "The Jury, to find Appellant guilty, would have had to believe that Appellant . . . made inappropriate contact with [Josh] at a time and place which would be rife with actual or potential witnesses," i.e., in front of the class. Yet, that is exactly what the jury did, and doing so was within its purview as the fact-finder. Because the jury was free to believe Josh's testimony, and because the evidence established the required elements of all four offenses, we overrule Maxwell's legal sufficiency point in this case and in his companion cause numbers 06-23-00157-CR through 06-23-00159-CR.

As for Maxwell's remaining companion cases, a public high school employee commits the offense of an improper relationship between educator and student if the employee "engages in sexual contact . . . with a person who is enrolled in a public . . . secondary school at which the employee works." TEX. PENAL CODE ANN. § 21.12(a)(1) (Supp.). As relevant here, "[i]f conduct constituting an offense under this section also constitutes an offense under another section of this code, the actor may be prosecuted under either section or both sections." TEX. PENAL CODE ANN. § 21.12(c) (Supp.). Here, the State prosecuted Maxwell for indecency with a child, as shown above, and also chose to prosecute him for the same conduct under Section

9

21.12. *See In re Shaw*, 204 S.W.3d 9, 19 (Tex. App.—Texarkana 2006, pet. ref'd) (overruling a double-jeopardy challenge to the statute).

Accordingly, in cause number 06-23-00160-CR, the State alleged that, on or about October 26, 2022, Maxwell, while

> an employee of a public . . . school, namely Atlanta Independent School District, engage[d] in sexual contact with Josh . . . (pseudonym), hereafter styled the complainant, a person who was enrolled in Atlanta Independent School District by touching the genitals of the complainant with the intent to arouse or gratify the sexual desire of the defendant.

The State alleged that Maxwell committed the same conduct on or about November 18, 2022, in cause number 06-23-00161-CR; on or about December 1, 2022, in cause number 06-23-00162-CR; and on or about March 17, 2023, in cause number 06-23-00163-CR.

Here, it was undisputed that Maxwell worked at Atlanta High School and that Josh was also enrolled there. The jury heard ample evidence from Josh, and others, that demonstrated Maxwell committed sexual contact by touching Josh on his genitals on four occasions. Although Maxwell's sole argument questions whether the jury could have found that three of the four offenses occurred during class, Josh's testimony supported the jury's conclusions that three offenses occurred while the students were either working or watching a movie in the dark. Because the jury was free to believe the evidence supporting the four separate instances of sexual contact between Maxwell and his student, we overrule Maxwell's legal sufficiency challenges in cause numbers 06-24-00160-CR through 06-24-00163-CR.

10

## IV.     Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     July 11, 2025
Date Decided:       July 14, 2025

Do Not Publish

11