

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00026-CR

_____

SHERMAN LEE HAMMONS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th Judicial District Court
Cass County, Texas
Trial Court No. 2008-F-00150

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Sherman Lee Hammons was a teacher at McLeod High School. He was convicted of an improper relationship with his student and was sentenced to ten years' imprisonment in the Texas Department of Criminal Justice-Institutional Division.[1] Hammons alleges that evidence establishing he sent sexually explicit text messages "on or about the 14th day of January, 2008," to a student with intent to arouse or gratify his sexual desire was legally and factually insufficient to support his conviction.[2] He also argues that the statute under which he was convicted is unconstitutional and that he had "a fundamental free speech right to engage in text messaging with a student outside of the school setting in a consensual manner." We conclude that the evidence was sufficient to support his conviction. Because Hammons failed to preserve his remaining points of error, we will affirm the trial court's judgment.

---

[1]Hammons was charged with three separate violations of Section 21.12 of the Texas Penal Code. TEX. PENAL CODE ANN. § 21.12 (Vernon Supp. 2010). The jury returned a guilty verdict only on count two of the State's indictment, which alleged the offense occurred on or about the 14th day of January, 2008. Our opinion focuses solely on this count alleging Hammons "did then and there, while the defendant was an employee of a public secondary school, to-wit: McLeod High School, with the intent to arouse or gratify the sexual desire of the defendant, intentionally communicate by electronic mail in a sexually explicit manner, to-wit: text messaging to a cellular telephone, with [T.J.F.], a person who was enrolled in the said McLeod High School and who was not the defendant's spouse."

[2]With Judge Cochran joining the lead opinion, authoring a concurring opinion and Judge Womack concurring with the lead opinion and joining the concurrence, in *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at **1, 14 (Tex. Crim. App. Oct. 6, 2010) (4-1-4 decision), a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its progeny. The plurality and Judge Womack agreed that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks,* 2010 WL 3894613 at **1, 14. Since the Texas Court of Criminal Appeals has abolished factual sufficiency review, we need not address the defendant's challenge(s) to the factual sufficiency of the evidence.

## I.      Sufficient Evidence Supports Hammons' Conviction

In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the judgment to determine whether any rational jury could have found the essential elements of improper relationship between educator and student beyond a reasonable doubt. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).   We must give deference to the jury's responsibility "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."   *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)).   We are not required to determine whether we believe that the evidence at trial established guilt beyond a reasonable doubt; rather, when faced with conflicting evidence, we presume that the jury resolved any such conflict in favor of the prosecution, and we defer to that resolution.   *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge.   *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).   Section 21.12 of the Texas Penal Code states that "[a]n employee of a public . . . secondary school commits an offense if the employee engages in:   . . . (2) conduct described by Section 33.021" with a person "enrolled in a public . . . secondary school at which the employee works," "regardless of the age of that person."   TEX. PENAL CODE ANN. § 21.12(a).   Section 33.021 states a person commits an offense if "with the intent to arouse or gratify the sexual desire of any person, . . . the person, over

3

the Internet, by electronic mail or text message . . . , intentionally: (1) communicates in a sexually explicit manner with a minor." TEX. PENAL CODE ANN. § 33.021(b)(1) (Vernon Supp. 2010). The evidence will be sufficient if it established that (1) Hammons; (2) was an employee of a secondary school; (3) and intentionally communicated via electronic mail or text message; (4) that was sexually explicit; (5) with a student enrolled in the school at which Hammons worked; (6) with intent to arouse or gratify his sexual desire. Sexually explicit "means any communication, language, or material, . . . that relates to or describes sexual conduct, as defined by Section 43.25." TEX. PENAL CODE ANN. § 33.021(a)(3) (Vernon Supp. 2010). One definition of "sexual conduct" is "sexual contact, actual or simulated sexual intercourse . . . ." TEX. PENAL CODE ANN. § 43.25(2) (Vernon Supp. 2010).

Student T.J.F. met with investigator Mark West and showed him text messages on her cell phone from Hammons. West described the messages as sexually explicit. He met with Hammons, who admitted that he was a teacher at the high school and T.J.F. was his student. West obtained a written statement from Hammons that attempted to explain the text messages. It read:

> The same day, I told [T.J.F.] that my best man was planning a bachelor party and I asked [T.J.F.] "Does she strip"? . . . . [T.J.F.] did not give me an answer, she just walked off. The question of stripping was never brought up again. . . . About January 18 or 19, 2008, [T.J.F.] sent me text messages that were explicit. I responded to her text by sending her a text message that was explicit regarding sex.

4

T.J.F. testified in front of the jury that Hammons began to text message her first, that the messages were initially innocent, and later became sexual. The text messages from Hammons were displayed for the jury. They read:

- "One of a kind. You are very hot and you have this shyness about you that's why I think your [sic] wild. I just want to make out with you."
- "What you want, I want you [to] tease and please me, I like to play, Dress in something hot and sexy."
- "I'm so horny thinking about it I can scream."

Hammons' briefing suggests this Court should only review the above text messages sent prior to January 14, 2008, because the jury acquitted him of charges that he sent explicit text messages "on or about the 19th day of January, 2008." However, "[i]t is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) (citing TEX. CODE CRIM. PROC. ANN. art. 21.02(6) (Vernon 2009); *Scoggan v. State*, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990)) ("[T]he State is not bound by the date alleged in the indictment . . . so long as the date proved is a date anterior to the presentment of indictment and the crime's occurrence is not so remote as to be barred by limitation."); *Thomas v. State*, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988) ("[W]here an indictment alleges that some relevant event transpired 'on or about' a particular date, the accused is put on notice to prepare for proof that the event happened at

any time within the statutory period of limitations."). Thus, the jury was entitled to consider the following text messages sent to T.J.F.:

- "I like sideways and backwards, I would love just one chance with you. It would be awsome [sic]."
- "Come on and f*** me. Well, what's stopping U [sic]? NO I would f*** you for hours."
- "I want my stiff d*** inside that warm p****. I want to feel you up and make you cum."[3]

After considering all of the evidence "on or about" the three dates alleged in the indictment (January 14, 19, and 24, 2008), the jury found Hammons guilty of only one offense. Since the jury had the authority to consider all of the evidence "on or about" the dates alleged, it could determine that he was guilty of only one offense and designate the one for which he was found guilty. A review of all of the evidence unquestionably demonstrates that a rational jury could find Hammons was an employee of a secondary school, and intentionally sent explicit text messages describing sexual contact to a student enrolled in his school. The requisite specific intent to arouse or gratify sexual desire "can be inferred from the defendant's conduct and remarks and all the surrounding circumstances." *Villanueva v. State*, 209 S.W.3d 239, 246 (Tex. App.—Waco 2006, no pet.). Given the evidence in this case, the jury was free to infer intent to arouse or gratify sexual desire from the content of Hammons' text messages. We conclude the evidence was legally sufficient.

Hammons' first point of error is overruled.

---

[3]These text messages were saved in T.J.F.'s phone under the name "Shawn." T.J.F. stated she used that alias for Hammons because "I'm really open with my -- our friends see our cell phones a lot and I didn't want everyone knowing who I was texting." Hammons stated that Exhibit 2 containing a text message from "Shawn" displayed his phone number, verifying T.J.F.'s testimony.

## II.     Hammons Failed to Preserve Remaining Complaints

Hammons alleges that Section 21.12 is "facially unconstitutional insofar as said statute prohibits an educator from engaging in consensual text messaging with a student outside of a school setting." He further claims the statute is overbroad and violates the First Amendment insofar as it restricts his fundamental right to engage in free speech. "As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ." TEX. R. APP. P. 33.1(a)(1).

Failure to object to the unconstitutionality of a statute waives any appellate review of that complaint. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (holding appellant waived his challenge to statute as vague as applied because he did not specifically object at trial); *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.) ("A constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal."). Hammons made no objection to the trial court about the constitutionality of Section 21.12 of the Texas Penal Code and did not otherwise raise the issue in his motion for new trial. Thus, he has failed to preserve these points of error for our review. *Williams v. State*, 305 S.W.3d 886, 893 (Tex. App.—Texarkana 2010, no pet.).[4] Hammons' remaining points are overruled.

---

[4]Moreover, we have previously held that Section 21.12 is not unconstitutional on its face and does not violate the First Amendment by being overly broad. *In re Shaw*, 204 S.W.3d 9, 19 (Tex. App.—Texarkana 2006, pet. ref'd).

### III.     Conclusion

We affirm the trial court's judgment.



Jack Carter
Justice

Date Submitted:     October 7, 2010
Date Decided:      October 22, 2010

Do Not Publish