**Ex Parte Eric Arthur BROOKS.**

No. 10–02–209–CR.

Court of Appeals of Texas, Waco.

Dec. 31, 2002.

Eric Arthur Brooks, pro se.

John W. Segrest, McLennan County Dist. Atty., James Wiley, McLennon County Asst. Dist. Atty., Waco, for Appellee/Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

### MEMORANDUM OPINION

REX D. DAVIS, Chief Justice.

Eric Arthur Brooks filed a pretrial application for writ of habeas corpus alleging that his arrest was based solely on racial profiling without probable cause or reasonable suspicion. The trial court denied Brooks's application, finding that it is "without merit." Brooks appealed.

Brooks contends that the court abused its discretion because it did not dispose of his habeas application in a prompt fashion and because the court did not employ the methods provided for determining a racial profiling claim in the recently-enacted article 2.132 of the Code of Criminal Procedure.

 The State has filed a motion to dismiss Brooks's appeal on the basis that the court did not adjudicate the merits of his habeas application. We have jurisdiction over this appeal if "the court undertook to rule on the merits of [the application]." *Ex parte Hargett,* 819 S.W.2d 866, 869 (Tex.Crim.App.1991). In *Hargett,*

"[t]he trial court rendered an order declaring that Hargett's petition had come before the court for consideration, and that the court had considered the petition and found it 'without merit,' for which reason it was 'denied.'" *Ex parte Hargett,* 827 S.W.2d 606, 606–07 (Tex.App.-Austin 1992, pet. ref'd) (on remand). The Court of Criminal Appeals held that this was a ruling on the merits of the application and that the lower court had jurisdiction over the appeal. *Hargett,* 819 S.W.2d at 869.

The trial court's order denying Brooks's habeas application reads as follows:

> On this 20th day of June, 2002, Petition for Writ of Habeas Corpus came before the Court, and the Court, after having carefully reviewed the Petition, hereby finds that the Petition is without merit, and after an examination of the Petition, it is manifest from the Petition itself that it is meritless, and the Court hereby denies the request for Writ of Habeas Corpus and finds that the party is entitled to no relief whatsoever.

The ruling on Brooks's application is strikingly similar to that considered by the Court of Criminal Appeals in *Hargett.* Cf. *Hargett,* 827 S.W.2d at 606–07. Accordingly, we conclude that "the court undertook to rule on the merits" of Brooks's application. *Hargett,* 819 S.W.2d at 869. Therefore, we have jurisdiction. The State's motion to dismiss is denied.

 The writ of habeas corpus is an extraordinary remedy which will issue only if the applicant has no adequate remedy at law. *Ex parte Weise,* 55 S.W.3d 617, 619 (Tex.Crim.App.2001); *Ex parte Garrison,* 47 S.W.3d 105, 107 (Tex.App.-Waco 2001, pet. ref'd). Brooks has an adequate remedy at law. He can pursue the claims asserted in his habeas application in a suppression motion.[1] Cf. *Garrison,* 47 S.W.3d at 107 (applicant should have pursued claims by motion to quash or motion to dismiss for speedy trial violation); *see also Weise,* 55 S.W.3d at 620 (pretrial habeas may not be used to challenge suppression ruling).

Because Brooks has an adequate remedy at law, the court did not abuse its discretion by denying the application. Accordingly, we affirm the order denying Brooks's habeas application.

---

1. If the State does not promptly file a case against Brooks by indictment or information or does not promptly proceed to trial, the Code of Criminal Procedure provides other remedies as well. *See* Tex.Code Crim. Proc. Ann. arts. 17.151, 32.01 (Vernon Supp.2003).