

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00200-CR

EX PARTE:  MELISSA DAWN WRAGG

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14444-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Melissa Dawn Wragg was arrested after officers found her in a home where methamphetamine was being manufactured. She filed a pretrial application for writ of habeas corpus, alleging that her detention in the Marion County Jail was unlawful because "no probable cause exists for the detention." Specifically, Wragg challenged the State's belief that exigent circumstances justified the warrantless search that led to her arrest. The trial court denied the application after a hearing, finding that there was probable cause to support the detention. Wragg appeals the denial of her application.

We review a trial court's grant or denial of relief under an application for writ of habeas corpus for an abuse of discretion. *In re Shaw*, 204 S.W.3d 9, 14 (Tex. App.—Texarkana 2006, pet. ref'd). The writ of habeas corpus is an extraordinary remedy which will issue only if the applicant has no adequate remedy at law. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *Shaw*, 204 S.W.3d at 14; *Ex parte Brooks*, 97 S.W.3d 639, 640 (Tex. App.—Waco 2002, no pet.) (denying review of pretrial application for writ of habeas corpus which alleged accused's arrest was based solely on racial profiling without probable cause or reasonable suspicion because accused could raise issues in suppression motion).

The Texas Court of Criminal Appeals has "held that an applicant may not use a pretrial writ to . . . challenge the denial of a motion to suppress." *Weise*, 55 S.W.3d at 620. We find that Wragg has an adequate remedy at law. She can pursue the claims asserted in her habeas application in a suppression motion. *Id.*; *Brooks*, 97 S.W.3d at 640 (Also noting, "If the State

does not promptly file a case against [the accused] by indictment or information or does not promptly proceed to trial, the Code of Criminal Procedure provides other remedies as well.").

Because Wragg has an adequate remedy at law, the trial court did not abuse its discretion by denying the application. Accordingly, we affirm the order denying Wragg's habeas application.

Bailey C. Moseley
Justice

Date Submitted:     November 25, 2013
Date Decided:       November 26, 2013

Do Not Publish