

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00201-CR

_____

EX PARTE:  LESLIE WILLIAM SPRINGER

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14445-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Leslie William Springer was arrested at his home where methamphetamine was being manufactured. He filed a pretrial application for writ of habeas corpus, alleging that his detention in the Marion County Jail was unlawful because "no probable cause exists for the detention." Specifically, Springer challenged the State's belief that exigent circumstances justified the warrantless search that led to his arrest. The trial court denied the application after a hearing, finding that there was probable cause to support the detention. Springer appeals the denial of his application.

We review a trial court's grant or denial of relief under an application for writ of habeas corpus for an abuse of discretion. *In re Shaw*, 204 S.W.3d 9, 14 (Tex. App.—Texarkana 2006, pet. ref'd). The writ of habeas corpus is an extraordinary remedy which will issue only if the applicant has no adequate remedy at law. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *Shaw*, 204 S.W.3d at 14; *Ex parte Brooks*, 97 S.W.3d 639, 640 (Tex. App.—Waco 2002, no pet.) (denying review of pretrial application for writ of habeas corpus which alleged accused's arrest was based solely on racial profiling without probable cause or reasonable suspicion because accused could raise issues in suppression motion).

The Texas Court of Criminal Appeals has "held that an applicant may not use a pretrial writ to . . . challenge the denial of a motion to suppress." *Weise*, 55 S.W.3d at 620. We find that Springer has an adequate remedy at law. He can pursue the claims asserted in his habeas application in a suppression motion. *Id.*; *Brooks*, 97 S.W.3d at 640 (Also noting, "If the State

does not promptly file a case against [the accused] by indictment or information or does not promptly proceed to trial, the Code of Criminal Procedure provides other remedies as well.").

Because Springer has an adequate remedy at law, the trial court did not abuse its discretion by denying the application. Accordingly, we affirm the order denying Springer's habeas application.

Jack Carter
Justice

Date Submitted:     November 25, 2013
Date Decided:       November 26, 2013

Do Not Publish

3