COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | No. 08-23-00233-CR |
|---|---|---|
| EX PARTE: | § | Appeal from the |
| ALVARO ORDUNA-ARELLANO, | § | County Court |
| Appellant. | § | of Kinney County, Texas |
| | § | (TC# 12576CR) |

## MEMORANDUM OPINION

Appellant Alvaro Orduna-Arellano (Orduna-Arellano) is a noncitizen who was arrested under Operation Lone Star (OLS) and charged with the misdemeanor offense of criminal trespass. Following his arrest, Orduna-Arellano filed an application for a pretrial writ of habeas corpus in which he requested the issuance of a habeas writ, an evidentiary hearing, and a dismissal of the underlying charge, contending he was the subject of selective prosecution in violation of state and federal constitutional equal protection principles. Without issuing a writ or holding a hearing, the trial court denied his application on the merits, and Orduna-Arellano appealed, contending the trial court erred in not granting his requested relief.[1] Based on the reasoning below, we reverse and remand to

---

[1] The appeal was transferred from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent required by TEX. R. APP. P. 41.3.

the trial court with instructions to enter an order dismissing Orduna-Arellano's criminal case with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

**A. Orduna-Arellano's arrest and application for a pretrial writ of habeas corpus**

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety to initiate OLS "to deter[] illegal border crossing and . . . prevent criminal activity along the border." *Ex parte Aparicio*, 672 S.W.3d 696, 701 (Tex. App.—San Antonio 2023, pet. granted). As part of OLS, Orduna-Arellano, a noncitizen, was arrested for misdemeanor criminal trespass in Kinney County on December 24, 2021. On August 3, 2023, he filed an application for a pretrial writ of habeas corpus seeking dismissal of the criminal charge, arguing his rights had been violated under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment, as the State was selectively prosecuting men, and not similarly situated women, for criminal trespass as part of OLS. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3a. Orduna-Arellano attached several exhibits supporting his claim that the State had a policy of arresting only male noncitizens for criminal trespass while referring similarly situated female noncitizens to Border Patrol. Among the exhibits was a Notice of Stipulation the State filed in another OLS case in which it stipulated: "women are not prosecuted for trespass as part of Operation Lone Star, even when they are found trespassing." In addition, Orduna-Arellano relied on the Fourth Court of Appeals opinion in *Ex parte Aparicio*, 672 S.W.3d 696, which was issued on June 21, 2023, over a month before he filed his writ application. As discussed in more detail below, the court in *Aparicio* found that another male noncitizen who had been arrested for criminal trespass under OLS had set forth a prima facie case of selective prosecution based on the State's admitted policy of only arresting male noncitizens who were found trespassing in border counties. *Id.* at 715.

2

In his application, Orduna-Arellano expressed his belief that over a year after his arrest, "Kinney County has attempted to cure its unconstitutional OLS Criminal Trespass policy to selectively prosecute men for criminal trespass." In particular, he stated that he was aware of reports that "[o]n February 27, 2023 . . . two woman [sic] were arrested and magistrated for Criminal Trespass in Kinney County." He argued, however, that "[w]hile this policy change may arguably cure future unconstitutional discrimination, Kinney County has already treated Applicant differently from 'similarly situated' women at the time of his arrest," and therefore, any such policy change did not cure the constitutional violation in his case. Orduna-Arellano argued that the State's policy of selectively prosecuting only men—as it existed at the time of his arrest—violated his equal protection rights, as it had both a discriminatory intent and a discriminatory effect. He further argued that the State could not meet its burden of justifying its discriminatory conduct, pointing out the State's claim that it only prosecuted men due to financial constraints—as it asserted in other OLS cases—was deemed insufficient to meet this burden.

The State did not file a response to the application. On August 10, 2023, the trial court denied Orduna-Arellano's application. On appeal, Orduna-Arellano contends that the trial court erred in denying his application. For the reasons set forth below, we agree.

### B. *Aparicio* and its progeny

We start with a review of our sister court's opinion in *Aparicio*. In that case, a noncitizen (Aparicio), who had been arrested for criminal trespass in Maverick County as part of OLS, filed a similar application for a pretrial writ of habeas corpus seeking dismissal of the charge against him, making an identical claim that the State was selectively prosecuting men under OLS in violation of his constitutional rights. *Aparicio*, 672 S.W.3d at 701. Unlike the present case, however, the trial court in *Aparicio* issued the writ and held a full evidentiary hearing on the question of whether the State was engaging in selective prosecution. *Id.* at 701–06. The trial court denied the writ on the

3

merits despite undisputed evidence that the State was criminally prosecuting only male noncitizens for trespass under OLS, finding that Aparicio's equal protection argument failed because the State could prosecute women if it "chose to."[2] *Id.* at 706.

The Fourth Court of Appeals disagreed, finding Aparicio met his initial burden of establishing a prima facie case of selective prosecution, i.e., that "the prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* at 713. The burden then shifted to the State "to justify the discriminatory treatment." *Id.* at 715 (citing *Ex parte Quintana*, 346 S.W.3d 681, 685 (Tex. App.—El Paso 2009, pet. ref'd)). Aparicio's federal equal protection claim was subject to intermediate scrutiny; namely, the State had to demonstrate that its "discriminatory classification is substantially related to an important governmental interest." *Id.* at 708 (citing *Clark v. Jeter*, 486 U.S. 456, 461, (1988); *Casarez v. State*, 913 S.W.2d 468, 493 (Tex. Crim. App. 1994) (en banc) (op. on reh'g)). And Aparicio's state-based equal rights claim was subject to strict scrutiny; namely, the State had to demonstrate that its actions were "narrowly tailored to serve a compelling governmental interest." *Id.* at 716 (citing *In re Dean*, 393 S.W.3d 741, 749 (Tex. 2012)).

On appeal, the State argued "'the emergency situation on Texas's southern border' justifies its discriminatory actions." *Id.* However, the court of appeals noted that the trial court never reached the merits of that issue, as it determined Aparicio had not met his burden of establishing a prima facie case of selective prosecution on the basis of sex. *Id.* The court therefore reversed the trial court's denial of Aparicio's application for a writ of habeas corpus and remanded the matter to the trial court to "determine whether the State's discriminatory classification was justified" under both

---

[2] In particular, the trial court heard evidence that "as part of OLS, 4,076 people had been arrested for misdemeanor offenses and not a single individual arrested was a woman." *Ex parte Aparicio*, 672 S.W.3d 696, 714 (Tex. App.—San Antonio 2023, pet. granted).

4

constitutional claims.[3] *Id.*

The Fourth Court of Appeals has since decided several cases involving OLS prosecutions of men. Recently, the court issued *State v. Gomez*, No. 04-22-00872-CR, 2023 WL 7552682 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed) involving a similar claim of selective prosecution on the basis of sex made in an application for a pretrial writ of habeas corpus by another male noncitizen (Gomez) who had been arrested in Kinney County for criminal trespass as part of OLS. In that case, the trial court issued the writ, held an evidentiary hearing, then granted the writ. *Id.* at *1. The State appealed, conceding it had only arrested males at the border under OLS, but arguing its discriminatory actions were justified based on: "(1) Governor Abbott's Proclamation declaring an emergency regarding border security; and (2) testimony that the counties implementing OLS do not have sufficient facilities to hold women detainees."[4] *Id.* at *5. The Fourth Court of Appeals rejected the State's argument, finding that although security at the border may be considered a compelling interest, the State did not demonstrate its actions were narrowly tailored to serve that interest. *Id.* The court noted OLS was a multi-billion-dollar operation, and the State did not explain why it could not have allocated funds for a facility to hold women. *Id.* The court therefore held that the trial court did not abuse its discretion in "concluding the State failed in its burden of justifying its discriminatory conduct under strict scrutiny, as required by Texas's Equal Rights Amendment," and it affirmed the decision to grant the applicant his requested relief and dismiss his criminal case.[5] *Id.*

---

[3] The State filed a petition for discretionary review of the Fourth Court of Appeals' decision, which is currently pending. In the petition, the State argues the court erroneously concluded that Aparicio's claim was cognizable in a pretrial writ of habeas corpus.

[4] At the evidentiary hearing, Captain Joel Betancourt, who oversees the district in which participating OLS counties are located, testified that women were "always sent to immigration" because there was no "place to put them," as "the local county jails have no capacity." *State v. Gomez*, No. 04-22-00872-CR, 2023 WL 7552682, at *2 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed).

[5] The Fourth Court has reached a similar result in several other cases. *See, e.g.*, *State v. Rodriguez Rodas*, No. 04-22-00885-CR, 2023 WL 8103194, at *2 (Tex. App.—San Antonio Nov. 22, 2023, no pet. h.) (mem. op., not designated for publication); *State v. Garcia Compean*, No. 04-22-00886-CR, 2023 WL 8104870, at *2 (Tex. App.—San Antonio Nov. 22, 2023, no pet. h.) (mem. op., not designated for publication).

In addition, the Fourth Court of Appeals recently held that a trial court erred in denying an OLS defendant's writ application where the State again failed to meet its burden of establishing a justification for its gender discrimination despite having the opportunity to do so. *See Ex parte Vazquez-Bautista*, No. 04-22-00630-CR, 2023 WL 8440339, at *3 (Tex. App.—San Antonio Dec. 6, 2023, no pet. h.) (opinion on en banc reconsideration); *Ex Parte Gonzalez-Morales*, No. 04-22-00629-CR, 2023 WL 8793121, at *3 (Tex. App.—San Antonio Dec. 20, 2023, no pet. h.) (mem. op., not designated for publication).

## C. The issues before us

In this case, the State does not deny that Orduna-Arellano was the subject of selective prosecution, nor does it attempt to justify its discriminatory actions. The State's only argument on appeal is that the trial court lacked jurisdiction to hear Orduna-Arellano's application, contending that a claim of selective prosecution is not cognizable in a pretrial writ of habeas corpus.

As explained below, we reject that argument in light of *Aparicio* and must therefore consider the question of whether we have jurisdiction to hear Orduna-Arellano's appeal, and if so, how we resolve the merits of his appeal.

## ORDUNA-ARELLANO'S CLAIMS ARE COGNIZABLE IN A PRETRIAL WRIT OF HABEAS CORPUS

We start with the State's argument that Orduna-Arellano's claim of selective prosecution is not cognizable in a pretrial writ of habeas corpus. The State acknowledges, however, that the Fourth Court of Appeals rejected the same argument in *Aparicio*. And the State offers no new authority; it simply contends *Aparicio* was wrongly decided, and we should resolve the issue differently. As we stated in Ramos-Morales, we disagree on both fronts and follow the on-point precedent of the Fourth Court of Appeals. *Ex parte Ramos-Morales*, No. 08-23-00285-CR, 2023 WL 8813572 *3 (Tex. App.—El Paso Dec. 20, 2023, no pet. h.); *see also* TEX. R. APP. P. 41.3 (a transferee court must

follow the precedent of the transferor court to the extent it conflicts with its own; in the opinion, the deciding court may indicate "whether the outcome would have been different" had it "not been required to decide the case in accordance with the transferor court's precedent"); *Brazos Elec. Power Coop., Inc. v. Texas Comm'n on Env't Quality*, 576 S.W.3d 374, 382–83 n.6 (Tex. 2019) (an opinion issued by a transferor court remains binding precedent even though the case is pending on rehearing).

Accordingly, we conclude that Orduna-Arellano's claim of selective prosecution is cognizable in a pretrial writ of habeas corpus.

## THE TRIAL COURT'S ORDER IS APPEALABLE

We next consider whether Orduna-Arellano has a right to appeal the trial court's order denying his application for a writ of habeas corpus. We conclude he does.

As we recently explained in *Ramos Morales*, a trial court's order denying an application is only appealable if the trial court either grants or denies the application on its merits. *See Ex parte Ramos-Morales*, 2023 WL 8813572, at *4 (citing *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008); *In re Perez*, No. 04-23-00294-CR, 2023 WL 5270488, at *2 (Tex. App.—San Antonio Aug. 16, 2023, no pet.) (mem. op., not designated for publication) (per curiam)). In a typical case, a trial court will issue the writ and hold an evidentiary hearing before ruling on the merits, but it is not required to do so—other than in cases in which a defendant is contesting their placement on community supervision. *Id.* at *5. A key distinction in determining whether a trial court's order is merits-based and therefore appealable is whether the record reflects that the trial court denied the defendant's writ application because it did not find sufficient cause to *issue the writ*, or whether it reviewed the allegations in the writ and found there was not sufficient cause to *grant the relief requested therein. Id.* (citing *Ex parte Martell*, 901 S.W.2d 754, 755 (Tex. App.—San Antonio 1995, no writ) (a court's "determination that there is not even sufficient cause to issue the writ [] must be distinguished from a determination that there is not sufficient cause to grant the relief requested"));

*see also Maddox v. State*, No. 08-01-00490-CR, 2002 WL 504971, at *2 (Tex. App.—El Paso Apr. 4, 2002, no pet.) (not designated for publication) (recognizing that if a "trial court rules on the merits of the applicant's claim but denies the requested relief, that is appealable; conversely, if the trial court dismisses the writ application for some other reasons, such as lack of jurisdiction, without reaching the merits, that order is not appealable").

Here, we find the trial court's order was merits-based and therefore appealable for two reasons. First, the trial court stated it had reviewed the allegations in Orduna-Arellano's writ application and denied the "requested relief." As we held in *Ramos-Morales,* such language demonstrates that the trial court denied the writ on its merits. *Ramos-Morales*, 2023 WL 8813572 at *5; *see also Ex parte Brooks*, 97 S.W.3d 639, 640 (Tex. App.—Waco 2002, no pet.) (mem. op.) (finding order denying writ application appealable where trial court stated it had reviewed the defendant's claims and found them to be without merit, and the defendant was therefore not entitled to the relief requested); *Ex Parte Gerardo Reyes Urbina Suarez*, No. 06-23-00214-CR, 2023 WL 8287582, at *1–2 (Tex. App.—Texarkana Dec. 1, 2023, no pet. h.) (mem. op., not designated for publication) (finding trial court's use of similar language in order denying OLS defendant's application for a pretrial writ of habeas corpus to be merits-based, making the order appealable)).

Second, as discussed in more detail below, in its order, the court stated that it had "judicial knowledge of the dockets over which [it] has and is presiding in Texas related to OLS and is aware that women are being arrested in the State for . . . OLS trespass offenses." As the Fourth Court of Appeals has recognized, such language also demonstrates that the trial court considered Orduna-Arellano's application on its merits and concluded that his claim for gender-discrimination failed as a matter of law, thereby making it an appealable order. *See Ex parte Barahona-Gomez*, No. 04-23-00230-CR, 2023 WL 6285324, at *1 (Tex. App.—San Antonio Sept. 27, 2023, no pet.).

Accordingly, we conclude that we have jurisdiction to consider Orduna-Arellano's appeal and

turn to the merits of his habeas claims.

## STANDARD OF REVIEW

In reviewing the merits of a trial court's decision to grant or deny habeas corpus relief, we defer to the trial court's assessment of the facts when those facts turn on an evaluation of credibility and demeanor. *Gomez*, 2023 WL 7552682, at *4 (citing *Ex parte Perusquia*, 336 S.W.3d 270, 274–75 (Tex. App.—San Antonio 2010, pet. ref'd); *Ex parte Quintana*, 346 S.W.3d 681, 684 (Tex. App.—El Paso 2009, pet. ref'd)). And we view the facts in the light most favorable to the trial court's ruling and will uphold it absent an abuse of discretion. *Id.*; *see also Ex parte Trevino*, 648 S.W.3d 435, 439 (Tex. App.—San Antonio 2021, no pet.) (recognizing that appellate court views the facts in the light most favorable to the trial court's ruling). Reviewing courts must also grant deference to implicit findings of fact that support the trial court's ultimate ruling. *Ex parte Perusquia*, 336 S.W.3d at 275 (citing *Ex parte Wheeler*, 203 S.W.3d 317, 324 n.23 (Tex. Crim. App. 2006)). However, "[i]f the resolution of the ultimate question turns on an application of the law, we review the determination de novo." *Id.*; *see also Vazquez-Bautista*, 2023 WL 8440339, at *3 (recognizing same in context of an appeal from a trial court's decision granting an OLS applicant's pretrial petition for a writ of habeas corpus). Here, we are able to resolve the appeal as a matter of law.

## WE REVERSE AND REMAND FOR DISMISSAL OF THE CHARGE

As we recently observed in *Ramos-Morales*, the "State's judiciary has been inundated with appeals from various trial courts' rulings on applications for pretrial writs of habeas corpus from OLS defendants." *Ramos-Morales*, 2023 WL 8813572, at *6. And the Fourth Court of Appeals has already determined, as a matter of law, that the State engaged in gender discrimination during the same time period in which Orduna-Arellano was arrested by only prosecuting males for criminal trespass at the border under OLS. *Id.* (citing *Ex parte Aparicio*, 672 S.W.3d at 715). Here, although the trial court stated in its order that it had "judicial knowledge" of women being arrested for trespass under OLS, the court did

9

not specify what dates it believed the women had been arrested or provide the source of its "knowledge" of the arrests other than to refer to information it had obtained from "other" unspecified dockets over which the trial court had presided.[6] Nor is there anything in the record before us to suggest that the State's discriminatory policy was not in effect at the time Orduna-Arellano was arrested in December of 2021. And while the record reflects that the State (or at least Kinney County) may have changed its discriminatory OLS policy in February of 2023—over a year after Orduna-Arellano was arrested—the Fourth Court of Appeals has already recognized, as a matter of law, that any such change has no bearing on a defendant's selective prosecution claim, as the only evidence relevant to an "applicant's selective-prosecution claim is that which existed at the time of the applicant's arrest." *Id.* (citing *Ex parte Barahona-Gomez*, 2023 WL 6285324, at *2). Accordingly, we conclude, as a matter of law, that Orduna-Arellano met his initial burden of establishing a prima facie case of selective prosecution, i.e., that "the prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *Aparicio*, 672 S.W.3d at 715.

This leaves us with only the second prong in the analysis, i.e., whether the State has a justification for its discriminatory policy. As set forth above, the Fourth Court of Appeals has rejected various attempts by the State to justify its policy of gender discrimination during the same relevant time period, finding that although security at the border may be considered a compelling interest, the State failed to demonstrate that its actions were narrowly tailored to serve that interest. *See Gomez*, 2023 WL 7552682 at *5; *State v. Rodriguez Rodas*, No. 04-22-00885-CR, 2023 WL 8103194, at *2 (Tex. App.—San Antonio Nov. 22, 2023, no pet. h.) (mem. op., not designated for publication) (same); *State v. Garcia Compean*, No. 04-22-00886-CR, 2023 WL 8104870, at *2 (Tex. App.—

---

[6] We note that a trial court may take judicial notice on its own of a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." TEX. R. EVID. 201(b)(1), (2). Here, while the trial court arguably could have taken "judicial notice" of the fact that the State had arrested women during the relevant time-period (if any such fact existed) the trial court's order falls short of doing so.

San Antonio Nov. 22, 2023, no pet. h.) (mem. op., not designated for publication) (same). And in at least two recent cases, the Fourth Court of Appeals has found it appropriate to reverse the trial court's orders denying OLS defendants' applications for pretrial writs of habeas corpus and remand with instructions to the trial court to dismiss the defendants' criminal cases with prejudice—without any further proceedings on the merits—where the trial court record reflected that the State failed to meet its burden of establishing a justification for its policy of selective prosecution under OLS. *See Vazquez-Bautista*, 2023 WL 8440339, at *6 (citing *Aparicio*, 672 S.W.3d at 711 (explaining that if applicant's "selective-prosecution claim on the basis of equal protection has merit, any conviction resulting from a trial would be void, and he would be entitled to release"); *In re Aiken Cnty.*, 725 F.3d 255, 264 n.7 (D.C. Cir. 2013) ("If the Executive selectively prosecutes someone based on impermissible considerations, the equal protection remedy is to dismiss the prosecution[.]") (Kavanaugh, J.)); *see also Gonzalez-Morales*, 2023 WL 8793121, at *3 (same). We recognize that in both of those cases, the trial courts held evidentiary hearings at which the State had the opportunity to present its justification for its policy of selective prosecution, while no such hearing was held in the present case. Nevertheless, as in *Ramos-Morales*, we conclude that the proper remedy in this case is to reverse the trial court's order denying Orduna-Arellano's writ application, without the necessity of remanding for any further proceedings on the merits of his claims, and similarly direct the trial court to enter an order of dismissal. *Id.* at *7–8.

As we explained in *Ramos-Morales*, the sole purpose of an appeal from a trial court's habeas corpus ruling is to "do substantial justice to the parties," and in resolving such an appeal, we may "render whatever judgment . . . the nature of the case require[s]." *Ramos-Morales*, 2023 WL 8813572, at *7 (citing TEX. R. APP. P. 31.3 (in habeas appeals, an "appellate court will render whatever judgment and make whatever orders the law and the nature of the case require"); TEX. R. APP. P. 31.2 (in habeas appeals, "the sole purpose of the appeal is to do substantial justice to the parties")). And

11

under the circumstances of this case, we do not believe it would do substantial justice to the parties to remand for any further proceedings on the merits. As in *Ramos-Morales*, in the present case, the State did not argue in the trial court or in its appellate briefing that it had any justification for its actions. *Ramos-Morales*, 2023 WL 8813572 at *9. Similarly, it has not requested that we remand the matter to the trial court for further proceedings to give it the opportunity to present evidence or arguments on the issue. Instead, as set forth above, the State only argues that Orduna-Arellano's habeas claims were not cognizable in a pretrial writ application—an argument we have already rejected. And in its prayer for relief, the State requests that we affirm the trial court's order denying Orduna-Arellano's writ application solely on that basis.

Accordingly, because there is no dispute in the present case, either in the law or in the facts, on the question of whether the State unjustifiably engaged in gender discrimination against Orduna-Arellano, we conclude it would be an "exercise in futility" to remand for further proceedings on the merits. *Id.* (citing *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 479–80 (5th Cir. 2018) (where facts and law were well-settled, court recognized that it would be an "exercise in futility" and "diminish judicial economy" to remand to the trial court for further proceedings, where there was a "high likelihood" that the same issue would return to the court in a subsequent appeal, thereby further prolonging the litigation unnecessarily)). As well, we find that remanding to the trial court for additional proceedings on the merits would unnecessarily cause further delays in resolving Orduna-Arellano's habeas claims, which cuts against the principle that habeas proceedings should be handled in an expedited manner. *Id.* (citing *Ex parte Johnson*, 876 S.W.2d 340, 343 (Tex. Crim. App. 1994) (finding it appropriate to issue a writ of habeas corpus, without remanding to the trial court, by utilizing its habeas corpus jurisdiction and power to "expedite a fair resolution of the unconstitutional situation the courts below have created for this applicant"); TEX. R. APP. P. 31.2(b) (providing that an appeal in a habeas corpus proceeding other than one

challenging a defendant's conviction or placement on community supervision, "shall be submitted and heard at the earliest practicable time")).

## CONCLUSION

The trial court erred, as a matter of law, in denying Orduna-Arellano's application for a pretrial writ of habeas corpus on the merits. Accordingly, we reverse the trial court's order and remand to the trial court to grant the writ and dismiss with prejudice the misdemeanor criminal trespass charge against Orduna-Arellano.

LISA J. SOTO, Justice

January 12, 2024

Before Alley, C.J., Palafox, and Soto, JJ.
Alley, C.J., concurring without written opinion