

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00158-CR

The **STATE** of Texas,
Appellant

v.

Marco Antonio **SANCHEZ-ESPINOZA**,
Appellee

From the County Court At Law No. 1, Webb County, Texas
Trial Court No. 2022CRB000751L1
Honorable Leticia Martinez, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: October 23, 2024

REVERSED AND RENDERED

The State appeals the trial court's order granting Appellee, Marco Antonio Sanchez-Espinoza, habeas relief. We reverse the trial court's order, render judgment dismissing Sanchez-Espinoza's habeas application, and reinstate the information charging Sanchez-Espinoza with the misdemeanor offense of criminal trespass.

## BACKGROUND

As part of Operation Lone Star, Sanchez-Espinoza, a noncitizen, was arrested on August 5, 2022, for trespassing on private property in Webb County. On October 17, 2022, he filed an application for writ of habeas corpus seeking dismissal of the criminal charge on Fourth Amendment grounds. Specifically, Sanchez-Espinoza argued the State lacked probable cause to arrest him for criminal trespass.[1] At an evidentiary hearing, Sanchez-Espinoza presented evidence that the location of his arrest was not fenced in. The trial court granted Sanchez-Espinoza's requested relief. The State appeals.

## COGNIZABILITY

In the first of the five issues the State raises on appeal, the State contends that the ground for relief asserted in Sanchez-Espinoza's habeas application was not cognizable. The State therefore contends that the trial court lacked jurisdiction to grant Sanchez-Espinoza's request for habeas relief.

"The writ of habeas corpus is an extraordinary writ. Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). Whether a claim is

---

[1] In his habeas application, Sanchez-Espinoza asserted two additional grounds for relief. However, (1) Sanchez-Espinoza did not present any evidence or argument in support of these two grounds for relief at the habeas hearing on January 13, 2023; (2) after the hearing, Sanchez-Espinoza filed a memorandum in support of his habeas application that did not discuss or even mention these two grounds for relief; and (3) Sanchez-Espinoza does not raise these two grounds for relief in his appellate brief. Furthermore, the record indicates that neither the parties nor the trial court understood either of these two grounds for relief to be the basis of the trial court's ruling on the merits of Sanchez-Espinoza's habeas application. Therefore, we will not consider these two additional grounds for relief on appeal. TEX. R. APP. P. 33.1; *Ex Parte Russell*, 720 S.W.2d 477, 487 (Tex. Crim. App. 1986) ("It is well established that in habeas corpus proceedings the burden of proof is upon the applicant and includes the burden of proving his factual allegations"); *see also, e.g.*, *Ex parte Yarbrough*, 2016 WL 1588213 (Tex. App.—San Antonio April 20, 2016) (because "Yarbrough failed to present this challenge at the habeas hearing to provide the trial court the opportunity to rule on this specific point. . . the trial court did not make a ruling, and nothing is presented for review on appeal"); *Greenville v. State*, 798 S.W.2d 361, 362–63 (Tex. App.—Beaumont 1990, no pet.) (appellate court was without jurisdiction to consider grounds of appeal not raised in habeas corpus hearing); *see also, e.g., Ramos v. State*, No. 04-04-00784-CR, 2006 WL 1232896, at *3 (Tex. App.—San Antonio May 10, 2006), *rev'd on other grounds*, 245 S.W.3d 410 (Tex. Crim. App. 2008) (argument in written motion was waived when defendant failed to make argument at hearing or trial).

cognizable on pretrial habeas is a threshold issue that we must address first. *See Ex parte Dominguez Ortiz*, 668 S.W.3d 126, 132 (Tex. App.—San Antonio 2023, no pet.) (en banc).

Pretrial habeas corpus is available "only in very limited circumstances." *Ex parte Sheffield*, 685 S.W.3d 86, 93 (Tex. Crim. App. 2023) (quoting *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)); *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). As-applied challenges are generally not cognizable. *Sheffield*, 685 S.W.3d at 93. However, certain types of as-applied challenges may be raised by pretrial habeas where the rights underlying those claims would be effectively undermined if not vindicated before trial. *Id.* at 94; *Perry*, 483 S.W.3d at 895–96.

Here, Sanchez-Espinoza filed a habeas application seeking dismissal of his prosecution on the ground that officers lacked probable cause to arrest him for criminal trespass. Specifically, Sanchez-Espinoza argued that the probable cause affidavit was deficient because it failed to sufficiently allege an element of the offense: that Sanchez-Espinoza had notice that his entry onto the property on which he allegedly trespassed was forbidden. Tex. Penal Code § 30.05(a)(1).

We previously considered, in *State v. Colin-Tapio*, 679 S.W.3d 263, 265 (Tex. App.—San Antonio 2023, no pet.), a State's appeal arising out of the same incident and involving the same habeas claim, the same appellate issue, and the same trial court hearing[2] and determined that the habeas claim was not cognizable. Thus, for the reasons enunciated in *Colin-Tapio*, we conclude that Sanchez-Espinoza's claim is not cognizable in a pretrial habeas proceeding. *Id*. at 265; *see also Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005) ("[T]he statutes

---

[2] The hearing in the trial court involved five habeas applications, including applications filed by Sanchez-Espinoza and the appellee in *Colin-Tapio*. At the hearing, counsel for Sanchez-Espinoza also represented the appellee in *Colin-Tapio*, along with the three other applicants. Counsel for Sanchez-Espinoza stated at the hearing that all five applicants, including Sanchez-Espinoza and the appellee in *Colin-Tapio*, were arrested together at the same location on the same date of August 5, 2022.

authorizing pre-trial proceedings do not contemplate a 'mini-trial' on the sufficiency of the evidence to support an element of the offense."); *Ex parte Brooks*, 97 S.W.3d 639, 640 (Tex. App.—Waco 2002, no pet.) (holding that habeas applicant who asserted that he was arrested without probable cause had an adequate remedy at law); *Ex parte Whitaker*, No. 12-22-00043-CR, 2022 WL 1572050, at * 2 (Tex. App.—Tyler May 18, 2022, no pet.) (mem. op., not designated for publication) (same); *Ex parte Springer*, No. 06-13-00201-CR, 2013 WL 6198326, at *1 (Tex. App.—Texarkana Nov. 26, 2013, no pet.) (mem. op., not designated for publication) (same); *Ex parte Blakely*, No. 05-18-00909-CR, 2019 WL 911739, at *4 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op., not designated for publication) (holding that claim applicant was arrested without probable cause is "not cognizable on a pretrial habeas writ").

Because Sanchez-Espinoza's claim is not cognizable by pretrial writ of habeas corpus, we sustain the State's first issue. We need not reach the remainder of the State's issues.

### CONCLUSION

We reverse the trial court's order granting Sanchez-Espinoza habeas relief, render judgment dismissing Sanchez-Espinoza's habeas application, and reinstate the information charging Sanchez-Espinoza with the misdemeanor offense of criminal trespass. Any pending motions are dismissed as moot.

Liza A. Rodriguez, Justice

DO NOT PUBLISH