

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00160-CR

The **STATE** of Texas,
Appellant

v.

Ruben **MARTINEZ-ANASTACIO**,
Appellee

From the County Court At Law No 1, Webb County, Texas
Trial Court No. 2022CRB000755L1
Honorable Leticia Martinez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: November 20, 2024

REVERSED AND RENDERED

The State appeals the trial court's order granting Appellee, Ruben Martinez-Anastacio, habeas relief. We reverse the trial court's order, render judgment dismissing Martinez-Anastacio's habeas application, and reinstate the information charging Martinez-Anastacio with the misdemeanor offense of criminal trespass.

**BACKGROUND**

As part of Operation Lone Star, Martinez-Anastacio, a noncitizen, was arrested on August 5, 2022, for trespassing on private property in Webb County. On August 16, 2022, he filed an application for writ of habeas corpus seeking dismissal of the criminal charge on Fourth Amendment grounds. Specifically, Martinez-Anastacio argued the State lacked probable cause to arrest him for criminal trespass. At an evidentiary hearing, Martinez-Anastacio presented evidence that the location of his arrest was not fenced in. The trial court granted Martinez-Anastacio's requested relief. The State appeals.

**COGNIZABILITY**

In the first of the three issues the State raises on appeal, the State contends that the sole ground for relief asserted in Martinez-Anastacio's habeas application was not cognizable. The State therefore contends that the trial court lacked jurisdiction to grant Martinez-Anastacio's request for habeas relief.

"The writ of habeas corpus is an extraordinary writ. Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). Whether a claim is cognizable on pretrial habeas is a threshold issue that we must address first. *See Ex parte Dominguez Ortiz*, 668 S.W.3d 126, 132 (Tex. App.—San Antonio 2023, no pet.).

Pretrial habeas corpus is available "only in very limited circumstances." *Ex parte Sheffield*, 685 S.W.3d 86, 93 (Tex. Crim. App. 2023) (quoting *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)); *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). As-applied challenges are generally not cognizable. *Sheffield*, 685 S.W.3d at 93. However, certain types of as-

applied challenges may be raised by pretrial habeas where the rights underlying those claims would be effectively undermined if not vindicated before trial. *Id.* at 94; *Perry*, 483 S.W.3d at 895–96.

Here, Martinez-Anastacio filed a habeas application seeking dismissal of his prosecution on the ground that officers lacked probable cause to arrest him for criminal trespass. Specifically, Martinez-Anastacio argued that the probable cause affidavit was deficient because it failed to sufficiently allege an element of the offense: that Martinez-Anastacio had notice that his entry onto the property on which he allegedly trespassed was forbidden. TEX. PENAL CODE § 30.05(a)(1).

We previously considered, in *State v. Colin-Tapio*, 679 S.W.3d 263, 265 (Tex. App.—San Antonio 2023, no pet.), a State's appeal arising out of the same incident[1] and involving the same habeas claim, the same appellate issue, and the same trial court hearing[2] and determined that the habeas claim was not cognizable. Thus, for the reasons enunciated in *Colin-Tapio*, we conclude that Martinez-Anastacio's claim is not cognizable in a pretrial habeas proceeding. *Id*. at 265; *see also Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005) ("[T]he statutes authorizing pre-trial proceedings do not contemplate a 'mini-trial' on the sufficiency of the evidence to support an element of the offense."); *Ex parte Brooks*, 97 S.W.3d 639, 640 (Tex. App.—Waco 2002, no pet.) (holding that habeas applicant who asserted that he was arrested without probable cause had an adequate remedy at law); *Ex parte Whitaker*, No. 12-22-00043-CR, 2022 WL 1572050, at * 2 (Tex. App.—Tyler May 18, 2022, no pet.) (mem. op., not designated for publication) (same); *Ex parte Springer*, No. 06-13-00201-CR, 2013 WL 6198326, at *1 (Tex. App.—Texarkana Nov. 26, 2013, no pet.) (mem. op., not designated for publication) (same); *Ex parte Blakely*, No. 05-18-

---

[1] The State submitted a probable cause affidavit as an attachment in support of its response to Martinez-Anastacio's habeas application. In the affidavit, the officer described an incident involving seven individuals, including Martinez-Anastacio and the appellee in *Colin-Tapio*.

[2] The hearing in the trial court involved five habeas applications, including applications filed by Martinez-Anastacio and the appellee in *Colin-Tapio*.

00909-CR, 2019 WL 911739, at *4 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op., not designated for publication) (holding that claim applicant was arrested without probable cause is "not cognizable on a pretrial habeas writ").

Because Martinez-Anastacio's claim is not cognizable by pretrial writ of habeas corpus, we sustain the State's first issue. We need not reach the remainder of the State's issues.

## CONCLUSION

We reverse the trial court's order granting Martinez-Anastacio habeas relief, render judgment dismissing Martinez-Anastacio's habeas application, and reinstate the information charging Martinez-Anastacio with the misdemeanor offense of criminal trespass. Any pending motions are dismissed as moot.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH